DUKE POWER COMPANY, PETITIONER v. FERDINAND ARTHUR RIBET, JR., AND WIFE, GRACE KATHLEEN LOWMAN RIBET; BEN S. WHISNANT, TRUSTEE FOR BURKE COUNTY SAVINGS AND LOAN ASSOCIATION; AND BURKE COUNTY SAVINGS AND LOAN ASSOCIATION, RESPONDENTS

No. 7425SC992

(Filed 5 March 1975)

1. Eminent Domain § 1— choice of route — appellate review

Power company's choice of a route for an electric transmission line across respondent's property will not be interfered with when there is neither allegation nor evidence that the company acted either arbitrarily or capriciously or in a manner constituting an abuse of discretion in the selection of the route.

2. Eminent Domain § 11— failure to allege and prove damages

In an appeal to the superior court from the report of the commissioners in a condemnation proceeding, respondent failed to allege or offer evidence of damages which would justify submitting an issue of damages to the jury.

APPEAL by respondent Ferdinand Arthur Ribet, Jr., from *Thornburg, Judge.* Judgment entered 20 August 1974 in Superior Court, BURKE County. Heard in the Court of Appeals 12 February 1975.

---

---

This special proceeding was instituted in September 1972 by Duke Power Company to condemn a right-of-way across respondent's land for the purpose of constructing a line for the transmission of electric current. The proposed right-of-way was described in the petition by metes and bounds, and a plat of respondent's land with the proposed right-of-way charted thereon was attached to the petition. The uses and incidents of the proposed right-of-way were fully set out in the petition. The described and charted right-of-way is 68 feet in width at all points across repsondent's property.

Respondent filed answer in which he argued that (1) Duke Power Company was seeking to take more of respondent's land than was described in the petition, (2) a more direct route for the transmission line could be taken across another's property, and (3) the price Duke Power Company offered respondent for the right-of-way was inadequate.

The clerk of superior court, after due notice, conducted a hearing and concluded that respondent had not denied any material allegation of the petition. The clerk then appointed commissioners of appraisal who, after due notice, heard testimony and assessed respondent's damages at $750.00. Respondent filed exceptions to the report of commissioners, and the cause was transferred to the civil issue docket for trial. When the matter came on for trial in superior court, respondent testified generally in accordance with the answer he had filed. He testified generally that petitioner was seeking to take more right-of-way than was described in the petition; that the right-of-way could have been placed on other property; that the price offered by petitioner was inadequate; that the electric transmission line would destroy his future plans for his property; and that he did not want the right-of-way on his property. At the close of respondent's evidence, the trial judge entered a directed verdict and entered judgment condemning the right-of-way as described in the petition and awarding damages as assessed before the clerk. Respondent appealed.

*Patton, Starnes & Thompson, by Thomas M. Starnes, for petitioner.*

*John H. McMurray, for the respondent.*

BROCK, Chief Judge.

[1]    The power to condemn private property for electric transmission lines is granted to Duke Power Company, a public utility,

by the provisions of G.S. 40-2. Where an agency has the power of condemnation, the choice of route is primarily in its discretion and will not be reviewed on the ground that another route may have been more appropriately chosen, unless it appears that there has been an abuse of discretion. *City of Charlotte v. McNeely,* 281 N.C. 684, 190 S.E. 2d 179 (1972). "Upon specific allegations tending to show bad faith, malice, wantonness, or oppressive and manifest abuse of discretion by the condemnor, the issue raised becomes the subject of judicial inquiry as a question of fact to be determined by the judge." *City of Charlotte v. McNeely, supra* at 690. However, the exercise of discretion by the condemnor will not be interfered with on the ground that condemnor acted unreasonably and without justification when there is neither allegation nor evidence that condemnor acted either arbitrarily or capriciously or in a manner constituting an abuse of discretion in the selection of the route to condemn. *Highway Commission v. Board of Education,* 265 N.C. 35, 143 S.E. 2d 87 (1965). Respondent neither alleged nor offered evidence that petitioner acted in such a manner.

[2] The measure of damages or just compensation to be paid to the landowner is the difference in the fair market value of the land immediately before the taking and the fair market value immediately after the taking of the easement. 3 Strong, N. C. Index 2d, Eminent Domain § 5 (1967). Respondent neither alleged nor offered evidence of such fair market value.

Obviously the respondent did not want the electric transmission line constructed on his property. However, he has failed to allege or offer evidence of facts justifying judicial review of the exercise of the petitioner's discretion in choosing the route. In a like manner he has failed to allege or offer evidence of damages which would justify submitting an issue thereon to the jury. The directed verdict and judgment entered thereon are

Affirmed.

Judges VAUGHN and MARTIN concur.