STATE OF NORTH CAROLINA v. YATES L. BAKER

No. 7525SC242

(Filed 16 July 1975)

1. **Criminal Law § 43— photograph of deceased — admissibility**
    The trial court in a second degree murder prosecution did not err in allowing into evidence a photograph of deceased.

2. **Constitutional Law § 33; Criminal Law §§ 48, 96— defendant's silence — withdrawal of evidence and curative instruction**
    Defendant was not prejudiced by testimony of an officer concerning defendant's silence when questioned by the authorities after the incident where the trial court allowed defendant's motion to strike and instructed the jury that defendant's silence was proper and should not be held against him in any way.

ON *writ of certiorari* to review trial before *Thornburg, Judge.* Judgment entered 6 August 1974 in Superior Court, BURKE County. Heard in the Court of Appeals 9 June 1975.

Defendant was charged in a bill of indictment, proper in form, with first degree murder. He was placed on trial for the lesser included offense of second degree murder.

The State's evidence tended to show the following. The defendant, Yates Baker, and the deceased, Jimmy Ray Shook, engaged in an altercation in the kitchen of a place known as "Willie's Party House." Thereafter, Shook pulled a pistol from his pocket and shot at least twice in the kitchen area. He then followed Baker out of the kitchen and shot two more times into the ceiling or into the floor of the main room of the building. Then Shook walked over to Sue Williams. He kneeled or crouched in front of her and began talking with her. At that time, Baker, who had left the building, returned with a pistol. He placed the pistol across the top of Mrs. Williams and told Shook that he had been hit by a bullet from Shook's gun a few minutes earlier. As Shook began to stand, Baker shot him in the face, and Shook died as a result of the bullet wound.

Defendant offered evidence which tended to show that during the altercation, Shook cursed Baker, and as a result, Baker struck at him. Shook then pushed back from the table, pulled a gun, and started shooting. One of the shots hit Baker in the leg. They proceeded into the front area of the building where Shook continued shooting at Baker. At this point, Baker went outside

where he attempted to find someone to take him to the hospital. Being unable to find anyone, he came back into the building. As Baker stopped near Sue Williams, Shook cursed him and stated that he would shoot Baker again. Shook had a gun in his right hand and began to stand up. As Shook came up with his pistol, Baker shot him in order to protect himself.

The jury found defendant guilty of second degree murder and from sentence imposed thereon, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for the State.*

*Robert E. Hodges, for defendant appellant.*

MARTIN, Judge.

[1]  Defendant first assigns as error the action of the court in allowing the introduction of a particular photograph into evidence. He contends the photograph does not illustrate the testimony of the doctor and is prejudicial because it depicts a man covered with blood. The photograph illustrates the doctor's previous testimony concerning the cause of death of the deceased, and according to the doctor's testimony, it correctly and accurately depicts the entrance wound into the face of the deceased. If a photograph is relevant and material, the fact that it is gory or gruesome, or otherwise may tend to arouse prejudice, will not alone render it inadmissible. 1 Stansbury, N. C. Evidence 2d, § 34, pp. 96-97 (Brandis Revision). Testimony and photographs illustrating the cause of death of the deceased is clearly relevant and this assignment of error is overruled.

Defendant next contends the court committed prejudicial error in not allowing him to request a limiting instruction regarding the admission of photographs. The record indicates that after the photograph had been ruled admissible counsel for defendant renewed his objection as to admissibility but did not attempt to request limiting instructions. Defendant was in no way prevented from requesting such instructions at that time. This assignment of error is without merit and is overruled.

[2]  Next, defendant assigns as error the action of the court in allowing testimony regarding defendant's silence when questioned. Officer Whisnant testified that defendant remained silent when questioned by the authorities after the incident. Immedi-

State v. Baker

ately after the admission of this testimony, the court allowed defendant's motion to strike, and then instructed the jury that:

> "Members of the Jury, you will not consider any portion of the witness' answer relating to the failure of the defendant, Baker, to make any statement to him, and the Court instructs you as a matter of law that the defendant had a perfect right to remain silent if he chose to do so, and that you may not at any time in your deliberations consider against this defendant the fact that he gave no statement to this or any other officer of law."

Defendant relies on the recent cases of *State v. Castor*, 285 N.C. 286, 204 S.E. 2d 848 (1974) and *State v. McCall*, 286 N.C. 472, 212 S.E. 2d 132 (1975) and argues that his in-custody silence may not be used against him after he was properly warned of his right to remain silent. In the case at bar, the trial court instructed the jury that defendant's silence was proper and should not be held against him in any way. This was a correct statement of the law and cured any error that may have occurred by admission of the testimony. Unlike *Castor* and *McCall*, no error prejudicial to defendant has resulted in the present case.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges CLARK and ARNOLD concur.