S. B. FRINK AND DAVIS C. HERRING v. NORTH CAROLINA BOARD OF TRANSPORTATION

No. 7513SC336

(Filed 15 October 1975)

1. Injunctions § 2— inadequate remedy at law

Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law which is as practical and efficient as is the equitable remedy.

2. Eminent Domain § 2; Highways and Cartways § 5— abutting landowner — right of access — easement

The owner of land abutting a public road has a special right of easement in the road for access purposes which cannot be damaged or taken from him without due compensation.

3. **Injunctions § 11— injunction against Board of Transportation — adequate remedy at law**

> Plaintiffs failed to show substantial or irreparable harm which would entitle them to an injunction prohibiting the State Board of Transportation from removing the remaining portion of an old causeway which is plaintiffs' only means of vehicular ingress to and egress from their property since plaintiffs may resort to their legal remedy under G.S. 136-111 to recover just compensation for the taking of their property rights.

APPEAL by defendant from *Clark, Judge*. Judgment entered 14 April 1975, in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 26 August 1975.

Plaintiffs brought suit against defendant for the purpose of recovering a judgment against the defendant in an amount representing just compensation for plaintiffs' property which plaintiffs allege was taken by defendant, and for the purpose of temporarily and permanently enjoining the defendant from excavating or removing that portion of old N. C. Highway No. 133 described in the complaint, or in any manner interfering with plaintiffs' use thereof. On 8 March 1975, Judge Clark entered a temporary restraining order restraining defendant from excavating and removing the said portion of old N. C. Highway No. 133.

The evidence, in pertinent part, tends to show that the plaintiffs claim title to a certain tract of land described in the complaint subject to an easement existing in favor of the North Carolina Transportation Advisory Commission and its successors or grantees. Plaintiffs and defendant disagree as to the nature and extent of this easement which was obtained by defendant from plaintiffs' predecessor in title. Across the property claimed by the plaintiffs has been constructed a high level bridge which replaces the old causeway and bridge. The defendant is attempting to remove the remaining portion of the old causeway where N. C. Highway No. 133 is located pursuant to a permit obtained by defendant from the U. S. Coast Guard which provides that in order to construct a new bridge roadway, defendant must remove the old N. C. Highway No. 133 causeway. The only means of vehicular ingress and egress to the property claimed by plaintiffs is from this old causeway right-of-way.

From the evidence, the court concluded that the plaintiffs proved prima facie title to the property they claim and over

which defendant has constructed a new bridge roadway; that the removal of the old causeway would deprive plaintiffs of their only means of vehicular ingress and egress to their property and would cause irreparable injury, loss, and damage to plaintiffs; that the plaintiffs have no adequate remedy at law, and plaintiffs' motion for a preliminary injunction should be granted to preserve the status quo pending trial upon the merits.

From an order based on the foregoing which restrained and enjoined the defendant from excavating and removing said portion of N. C. Highway No. 133 and from interfering with plaintiffs' use thereof pending trial upon the merits, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Eugene A. Smith, for the State.*

*Frink, Foy & Gainey, by Henry G. Foy, for defendant appellant.*

MARTIN, Judge.

[1] "Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law, which is as practical and efficient as is the equitable remedy." *Durham v. Public Service Co.*, 257 N.C. 546, 126 S.E. 2d 315 (1962). However, equity will exercise its preventive powers by restraining the irremedial injury or threatened injury to or destruction of property rights. *Clinton v. Ross*, 226 N.C. 682, 40 S.E. 2d 593 (1946). An injury is irreparable, within the law of injunctions, where it is of a "peculiar nature, so that compensation in money cannot atone for it." *Gause v. Perkins*, 56 N.C. 177 (1857).

[2] It is generally recognized that the owner of land abutting a highway has a right beyond that which is enjoyed by the general public. This right is a special right of easement in the public road for access purposes, and is a property right which cannot be damaged or taken from him without due compensation. *Abdalla v. Highway Comm.*, 261 N.C. 114, 134 S.E. 2d 81 (1964). G.S. 136-111 provides that any person whose land or compensable interest therein has been appropriated by the Highway Commission (now Board of Transportation) without the filing of a complaint and declaration of taking may within twenty-four (24) months of date of said taking bring an action in the superior court to recover damages for the taking. *Ledford v. Highway Comm.*, 279 N.C. 188, 181 S.E. 2d 466 (1971).

Frink v. Board of Transportation

[3]  In the case at bar, plaintiffs have not made a sufficient showing of substantial or irreparable harm which would warrant equitable relief. They are not claiming that the right of defendant to condemn or take is at issue, nor claiming a taking which is unnecessary or excessive, nor claiming an attempt to take property not subject to condemnation, nor claiming an unauthorized use of public property or a substantial departure from legislative limitations or directions. Rather, plaintiffs are asking for equitable relief in the form of an injunction against an agency of the State to prevent the removal of the remaining portion of the old causeway which is plaintiffs' only means of vehicular ingress and egress to their property.

In the act establishing the State Highway Commission (Now Board of Transportation), the General Assembly has expressly granted to it the power of eminent domain. G.S. 136-18, *State Hwy. Comm'n. v. Matthis,* 2 N.C. App. 233, 163 S.E. 2d 35 (1968).

"The power of eminent domain, that is the right to take private property for public use, is inherent in sovereignty. Our Constitution, Art. I, Sec. 17, requires payment of fair compensation for the property so taken. This is the only limitation imposed on sovereignty with respect to taking. The taking must, of course, be for a public purpose, but the sovereign determines the nature and extent of the property required for that purpose." *Morganton v. Hutton & Bourbonnais Co.,* 251 N.C. 531, 112 S.E. 2d 111 (1960).

Thus, the Board of Transportation has the statutory authority to determine the nature and extent of the property required for its purposes. If the Board must remove the old causeway pursuant to a permit obtained by defendant from the U. S. Coast Guard, plaintiffs may resort to their legal remedy under G.S. 136-111 to recover just compensation for the taking of their land. There is no sufficient showing that substantial or irreparable harm is being suffered or threatened which would warrant equitable relief since a fair and reasonable redress may be obtained in a court of law.

For the reasons stated, the order granting the preliminary injunction is

Reversed.

Judges Britt and Hedrick concur.