DURAL GUYTON AND WIFE ESTHER SUE GUYTON v. NORTH CAROLINA BOARD OF TRANSPORTATION

No. 7513SC905

(Filed 7 July 1976)

1. **Eminent Domain § 2; Highways and Cartways § 5— abutting landowner — right of access — easement**

The owner of land which abuts a highway is recognized to have a special right of easement in the highway for access purposes, and

this is a property right which cannot be taken from him without just compensation.

**2. Highways and Cartways § 6— removal of road by Board of Transportation — no abuse of discretion**

Action of defendant Board of Transportation in attempting to excavate and remove the old roadway of N. C. Highway 133 after construction of a bridge and new section of the highway did not amount to an oppressive and manifest abuse of defendant's discretionary authority in violation of G.S. 136-54, though the plaintiffs contended that the old roadway afforded them the only means of vehicular ingress and egress to and from their property.

**3. Injunctions § 2— adequate remedy at law — no injunction**

Where there is a complete, full and adequate remedy at law, the equitable remedy of injunction will not lie.

APPEAL by plaintiffs from *Preston, Judge.* Order entered 23 June 1975 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 20 February 1976.

This is an appeal from denial of plaintiffs' motion for a temporary restraining order.

Plaintiffs instituted this action against defendant, North Carolina Board of Transportation, seeking a temporary restraining order and a permanent injunction preventing defendant from excavating or removing a portion of old N. C. Highway No. 133 as the same abutted lands claimed by plaintiffs. Plaintiffs alleged in their complaint that they are the owners in fee simple of a tract of land bounded on the west by the center line of N. C. Highway No. 133 (as it existed prior to the acts of defendant complained of in this action), bounded on the east and south by Elizabeth River, and bounded on the north by the Intra-Coastal Waterway. In its answer, defendant denied plaintiffs' allegation of ownership. However, for the purposes of the hearing upon plaintiffs' motion, and for no other purpose, the parties stipulated that plaintiffs own the area alleged.

The pleadings, affidavits, exhibits, and other evidence presented at the hearing on plaintiffs' motion, show the following: On 29 March 1973 defendant Board of Transportation entered into a contract for construction of Project 8.1313502 in Brunswick County. This Project consisted of construction of a new bridge and approaches to carry N. C. Highway 133 over the Elizabeth River and the Intra-Coastal Waterway. The new bridge and approaches are approximately parallel to the old bridge and roadway but are at a location which is slightly west

of and on the opposite side of the old highway from plaintiffs' land. The project is a controlled access project, and plaintiffs will have no access upon the relocated highway to or from their land. As a condition for issuing a permit for construction of the new bridge over the Inland Waterway, the United States Coast Guard required that such part of the old roadway as is not utilized for the new bridge and its approaches be removed down to the elevation of the adjacent wet lands.

At the time of the hearing on plaintiffs' motion, the new bridge and approaches had been completed, but the old roadway had not yet been excavated and removed. Plaintiffs alleged that the old roadway affords them the only means of vehicular ingress and egress to and from their property and that if defendant is permitted to excavate and remove the old roadway, plaintiffs will suffer irreparable harm for which they have no adequate remedy at law.

The Court, concluding that plaintiffs have an adequate remedy at law in damages under G.S. 136-111 and that they had not shown probable cause that they could establish a right to a permanent injunction, denied plaintiffs' motion for temporary restraining order. Plaintiffs appealed.

*Frink, Foy & Gainey by A. H. Gainey, Jr., and Narley Cashwell for plaintiff appellants.*

*Attorney General Edmisten by Associate Attorney Henry H. Burgwyn for defendant appellee.*

PARKER, Judge.

Plaintiffs contend the trial court's denial of their motion for a temporary restraining order was error. They argue that the excavation and removal of the old roadway of N. C. Highway No. 133 would constitute a taking of their property which would not be for a public purpose and that injunctive relief is proper to keep a government agency from abusing its powers. We do not agree.

[1] The owner of land which abuts a highway is recognized to have a special right of easement in the highway for access purposes, and this is a property right which cannot be taken from him without just compensation. *Abdalla v. Highway Commission,* 261 N.C. 114, 134 S.E. 2d 81 (1964). Of course, any taking must be for a public purpose or use and must conform

with the constitutional requirements of due process, but just what is a "public purpose" justifying the exercise of the power of eminent domain must rest on the individual facts of each case. *Highway Commission v. Thornton,* 271 N.C. 227, 156 S.E. 2d 248 (1967).

[2]  The statutory authority for the Board's action in this case is provided in G.S. 136-54 which reads as follows:

"Subject to the provisions of G.S. 136-60 (not applicable as repealed in 1973) the Board of Transportation shall be authorized, when in its judgment the public good requires it, to change, alter, add to, or abandon and substitute new sections for, any portion of the State highway system, as now or hereafter, taken over, maintained and established: Provided, no road shall be changed, altered, or abandoned so as to disconnect county seats and principal towns."

Exercise of the Board's discretionary authority so conferred upon it by statute is not subject to judicial review, unless its action is so clearly unreasonable as to amount to oppressive and manifest abuse. *Highway Commission v. Board of Education,* 265 N.C. 35, 143 S.E. 2d 87 (1965). Nothing in the record now before us indicates an oppressive and manifest abuse of the Board of Transportation's discretionary authority.

[3]  Where there is a complete, full, and adequate remedy at law, the equitable remedy of injunction will not lie. The plaintiffs may resort to their legal remedy at law under G.S. 136-111 to recover just compensation for any taking of their property. *See Frink v. Board of Transportation,* 27 N.C. App. 207, 218 S.E. 2d 713 (1975).

The order appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.