TOWN OF WINTERVILLE v. JAMES W. KING, NELLIE V. KING, COTTIE LOUVENIA PERSON, MARY P. MOORE, SAMUEL E. PERSON, JOSEPH PERSON, ICELEAN PERSON, JAMES PERSON AND LOSSIE PERSON

No. 823SC243

(Filed 15 February 1983)

**Injunction §§ 2, 2.1— permanent injunction—findings of inadequacy of legal remedy and irreparable injury not supported by evidence**

In an action brought by plaintiff to permanently enjoin defendants from obstructing a street, preventing the general public from using the street, and preventing plaintiff from maintaining the street, the trial judge erred in entering a permanent injunction against defendants where its conclusions that irreparable harm would result to plaintiff if it was prevented from maintaining the street, that sufficient grounds existed for permanent injunction, and that plaintiff was entitled to a permanent injunction, insofar as the conclusion related to the defendants other than James W. King, were not supported by the findings of fact. Further, even though there was evidence that James W. King attempted to prevent the plaintiff from grading the street or to prevent the general public from using the street, the findings of fact were insufficient to show that plaintiff had no adequate remedy at law with respect to the acts and conduct of James W. King.

APPEAL by defendants from *Rouse, Judge.* Judgment entered 14 August 1981 in Superior Court, PITT County. Heard in the Court of Appeals 18 January 1983.

In this civil proceeding, tried by the judge without a jury, the plaintiff sought to permanently enjoin defendants "from obstructing said street, preventing the general public from using said street or preventing plaintiff, its servants or employees from maintaining said streets [sic]."

After a hearing the judge made the following pertinent Findings of Fact:

1. In 1960 a Laura Edwards, Joe Daniels, Artillery Carmon, and Cottie Louvenia Person attended a public meeting held by the Board of Aldermen of the Town of Winterville and requested that plaintiff open and maintain a public street through their properties.

2. On the date of said meeting, Laura Williams Edwards, Joe Daniels, and Artillery Carmon owned property which adjoined that of the Person heirs.

3. That the boundary line dividing the lands of Laura Williams Edwards, Joe Daniels and Artillery Carmon from the lands of the X. P. Person heirs is described as follows: (metes and bounds description omitted).

4. That on the date of said meeting Cottie Louvenia Person offered to give a strip of land approximately 690.66 feet in length and 15 feet in width bounded on the west by the Laura Williams Edwards, Joe Daniels, and Artillery Carmon properties, which parcel of land is more particularly described as follows: (metes and bounds description omitted).

5. That defendant Person made said offer conditioned upon plaintiff improving said property as a public street, opening and maintaining the same for use by the public for travel and transportation, and naming said street Person Street.

6. That on the date of said meeting the heirs of law of X. P. Person were the owners of the following described real property: (metes and bounds description omitted).

7. That plaintiff and defendants have stipulated in open court that the heirs of X. P. Person on the date of said meeting were his wife, Cottie Louvenia Person, and his children, Nellie V. King, Mary P. Moore, Samuel E. Person, Joseph E. Person, Icelean Person, James Person, Lossie Person and Columbus Person who is now deceased.

8. That Laura Williams Edwards, Joe Daniels, and Artillery Carmon agreed to give to plaintiff a similar strip of land 15 feet in width and approximately 690.66 feet in length which parcel of land was situated on the western side of the boundary line hereinabove referred to.

9. That in 1960 plaintiff constructed water and sewer lines on said boundary line referred to and embarked on opening said street lying between Boyd and Worthington Streets in the Town of Winterville by clearing defendants' property and improving same.

10. That said street was opened its full length from Boyd to Worthington Streets but was not opened to its full width of 30 feet.

11. That at the time said street was opened it was named Person Street.

12. That between the date of the opening said street and 1979 defendants never contacted plaintiff and demanded either the return of their property or compensation for the taking of the property; but that defendant Cottie Louvenia Person did contact Town officials and complained that said street was creating a drainage problem on her property.

13. That since the date of the opening of said street plaintiff has continuously maintained said street by grading same twice a week for a twenty (20) year period.

14. That since the opening of the said street, the street has been continuously utilized for the past twenty (20) years by the general public for travel or transportation.

15. That since said street has been opened Joe Daniels and Laura Williams Edwards have utilized said street in order to gain access to their residences situated on said street.

16. That on March 9, 1978 Nellie V. King, being one of the children of X. P. Person, and James W. King, acquired by deed recorded in Box H-47, at Page 370, of the Pitt County Registry, the following described property: (metes and bounds description omitted).

17. That the description in the deed to the Kings' property encompassed a portion of Person Street.

18. That in 1979 defendants, Cottie Louvenia Person, Lossie Person, Nellie V. King and James W. King demanded that plaintiff compensate them for the right of way which was taken in 1960.

19. That since 1979 defendant, James W. King, has threatened with violence Town employees who attempted to maintain and grade Person Street and prevented them from maintaining the street; that since said date the street has become filled with holes.

20. That defendant, James W. King, has dumped materials into the street in order to impede the general public from using said street.

---

Town of Winterville v. King

---

21. That Person Street has become hazardous to the general public and for the persons who live on said street.

Based on the foregoing Findings of Fact the Court made the following Conclusions of Law:

1. That defendants through their acts or conduct dedicated the following described property to the Town of Winterville to be used as a public street: (metes and bounds description omitted).

2. That in 1960 said property was opened and accepted by the Town of Winterville and accepted by the general public.

3. That plaintiff's acceptance of the dedication through opening, improving and maintaining a portion of Person Street, less than full width, constituted an acceptance of the dedication of the entire 30 feet width of the street.

4. That upon the plaintiff's opening said street for use by the general public, a right of public way immediately arose.

5. That Person Street has been maintained by plaintiff and utilized by the general public for travel or transportation for twenty (20) years or more.

6. That defendants failed to bring any action to recover their property or damages for the taking of same within two years from the time said street was opened.

7. That plaintiff has no adequate remedy at law.

8. That irreparable harm will result to plaintiff if it is prevented from maintaining Person Street.

9. Sufficient grounds exist for permanent injunction and that plaintiff is entitled to a permanent injunction.

From an order permanently enjoining defendants "from obstructing Person Street, or preventing the general public from using said street, or preventing plaintiff, its servants or employees from maintaining said street" defendants appealed.

*Dixon, Horne & Duffus, by J. David Duffus, Jr. for the plaintiff, appellee.*

*Robert L. White for the defendants, appellants.*

HEDRICK, Judge.

Our review is limited to the question of whether the findings of fact and conclusions of law support the order appealed from. *See,* North Carolina Rule of Appellate Procedure 10(a).

In its eagerness to prove that defendants dedicated at least a portion of their property to be used as a public street, the plaintiff seems to have lost sight of the rule that a permanent injunction will not lie where there is a full, adequate, and complete remedy at law and without a determination that the applicant will suffer irreparable injury from the acts and conduct of the party to be enjoined. *Barrier v. Troutman,* 231 N.C. 47, 55 S.E. 2d 923 (1949); *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593 (1946); *Guyton v. Board of Transportation,* 30 N.C. App. 87, 226 S.E. 2d 175 (1976); *Frink v. Board of Transportation,* 27 N.C. App. 207, 218 S.E. 2d 713 (1975).

With respect to the "acts and conduct" of the defendants which allegedly would cause irreparable "harm, damage and injury" to the plaintiff, if not enjoined, the plaintiff in its complaint alleged: "Defendant, James W. King acting on behalf of defendants has prevented plaintiff's employees from grading said road by threatening them with violence."

There is no evidence in this record whatsoever that any of the defendants, other than James W. King, did anything to prevent the plaintiff from grading the street or to prevent the general public from using the street, or that they made threats of any kind toward the plaintiff or any of its servants or employees. Moreover, the judge made no findings of fact that any of the defendants, other than James W. King, did anything to prevent the plaintiff or its servants or employees or the general public from using or maintaining the street in question. Thus, the conclusions that irreparable harm will result to plaintiff if it is prevented from maintaining Person Street, that sufficient grounds exist for a permanent injunction, and that plaintiff is entitled to a permanent injunction, insofar as it relates to the de-

fendants other than James W. King, are not supported by the findings of fact.

Assuming arguendo that Finding of Fact Nos. 19 and 20 with respect to the defendant James W. King are sufficient to show that the plaintiff will suffer irreparable harm and injury if his conduct as described in those findings of fact is not permanently enjoined, we find no support for the Conclusion of Law No. 7 that plaintiff has no adequate remedy at law with respect to the acts and conduct of the defendant, James W. King. *Board of Pharmacy v. Lane,* 248 N.C. 134, 102 S.E. 2d 832 (1958); *Mills v. Cemetery Park Corp.,* 242 N.C. 20, 86 S.E. 2d 893 (1955); *Dare County v. Mater,* 235 N.C. 179, 69 S.E. 2d 244 (1952); *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593 (1946). Defendant James W. King might have been charged with violating any or all of the following Statutes: N.C. Gen. Stat. § 14-399; N.C. Gen. Stat. § 136-90; N.C. Gen. Stat. § 14-277.1. Thus the plaintiff has an adequate remedy at law. We hold the court erred in granting a permanent injunction against all of the defendants, including James W. King.

While our decision does not require us to elaborate on what we perceive to be other fatal defects requiring a vacation of the order appealed from, it seems appropriate to point out that Conclusion of Law No. 1 is erroneous since only one of the defendants, Cottie Louvenia Person, in any way participated in or was a party to the meeting with the Board of Aldermen of the Town of Winterville in 1960, wherein the defendants purportedly agreed to give fifteen feet of the property in question to the plaintiff to be used as a public street. The order appealed from is

Vacated.

Judges JOHNSON and EAGLES concur.