TOWN OF MOREHEAD CITY v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND NORTH CAROLINA BOARD OF TRANSPORTATION v. CHARLES H. SLEDGE, HENRY TULL, III, H. RAY BARTS, JR., MICKEY MARSH, MARVON MOORE, TOM RADY, GEORGE AJLOUNY, DEMUS THOMPSON, CAROLYN BALLOU MANN, JAMES MORTON DAVIS, LARRY BOOR, PAUL JOHNSON, JAMES JOHNSON, GEORGE FOSTER, DAVID SLEDGE, HERMAN MOORE, PHILLIP S. CHURCH, WILLIAM E. HALE, G. WARD BALLOU, TED GARNER, JR., MARGARET ANN PINER, JOHN BATES, ROBERT YOUNGBLOOD, MAX GRAFF, PAUL WHITLEY, HOBERT KELLY, JOSEPH LOGAN, JAMES MOOTS, ALAN SHERLOR, AND URSULA FOSCUE

No. 843SC468

(Filed 2 April 1985)

**Highways and Cartways § 5— streets not part of State highway system—authority of DOT**

  The trial court correctly granted summary judgment for defendants and against intervenor defendants in an action in which plaintiff town sought in part a declaratory judgment of the rights of the parties and injunctions restraining defendant DOT from improving, enlarging, widening, or closing two streets which were not part of the State highway system but which would be used in an intersection at the northern terminus of a replacement bridge over Bogue Sound. The DOT and BOT act on behalf of the State and have permanent authority over municipal corporations; DOT's discretionary authority under G.S. 136-54 is not subject to judicial review unless its action is so clearly unreasonable as to amount to oppressive and manifest abuse. G.S. 136-66.2(f) provides that streets that are within municipalities that are on the State

highway system will remain on the State highway system until changes are made in accordance with the statute. G.S. 136-45, G.S. 136-54.

APPEAL by plaintiff from *Strickland, Judge.* Order entered 5 April 1984 in Superior Court, CARTERET County. Heard in the Court of Appeals 8 January 1985.

This is a civil action wherein plaintiff sought (i) a declaratory judgment declaring the rights of the parties with respect to certain streets in Morehead City, (ii) a permanent injunction restraining defendant, Department of Transportation (DOT) from improving, enlarging, widening, or closing these streets, and (iii) a permanent injunction restraining defendants from constructing a replacement bridge across Bogue Sound at the Alternative No. 1, 23rd Street location, proposed by defendants.

On 10 June 1983, defendant DOT voted to replace the two-lane draw bridge over Bogue Sound, constructed in 1953, with a four-lane high-rise structure. The intersection design concept around the northern terminus of the replacement bridge requires the use of 23rd and 24th Streets in Morehead City, and necessitates that Evans Street on either side of the project be closed permanently.

Evans Street and 23rd Street are part of the Municipal Street System of plaintiff and are not part of the State highway system. Jurisdiction of these streets has not been ceded to defendant to be incorporated into the State highway system. Twenty-fourth Street is a part of the State highway system.

On 9 August 1983, the Morehead City Town Council resolved that the defendants "shall not use 23rd Street, 25th Street, and 28th Street . . . as a part of the State Highway System, nor shall Evans Street at its intersections with these three streets be closed by the Department of Transportation."

On 12 August 1983, defendant Board of Transportation (BOT) reconfirmed its previous approval of the 23rd Street location site, and so informed plaintiff. On 16 November 1983, plaintiff filed this civil action. Defendants subsequently filed a general Motion to Dismiss. On 17 February 1984, various citizens of Carteret County were allowed to intervene as a class. All parties subsequently filed Motions for Summary Judgment.

On 5 April 1984, Judge Strickland (i) granted defendants' Motion for Summary Judgment against plaintiff, (ii) denied plaintiff's Motion for Summary Judgment against defendants, and (iii) granted plaintiff's Motion for Summary Judgment against the Intervenor-defendants' Crossclaim. Plaintiff and Intervenor-defendants appealed.

*Nelson W. Taylor, III for plaintiff appellant.*

*Attorney General Edmisten by Eugene A. Smith, Senior Deputy Attorney General, Claude W. Harris, Special Deputy Attorney General, Robert G. Webb, Assistant Attorney General for defendant appellees.*

*Wallace, Barwick, Landis, Rodgman & Bower, P.A., by F. E. Wallace, Jr., for Intervenor-defendant appellant.*

PARKER, Judge.

The issue presented on this appeal is whether the defendant DOT has the authority to add 23rd Street to the State highway system or to close Evans Street without the consent or approval of the Town of Morehead City. Plaintiff contends that since 23rd Street and Evans Street are part of its municipal street system, defendant DOT does not have authority to add, improve or close these streets without its consent and approval pursuant to G.S. 136-66.2. Defendants DOT and BOT contend that the general grant of authority to municipalities over streets is subordinate to the Department's rights and duties to maintain the State highway system. We agree with defendants' position and hold that the trial court did not err in granting defendants' Summary Judgment motions. The question is one of first impression in this jurisdiction and requires consideration of applicable statutes.

We note at the outset that plaintiff did not appeal from the trial court's order dismissing that portion of plaintiff's complaint which sought to enjoin construction of the bridge. The underlying factual question is not where the bridge is to be built, but whether the DOT can incorporate 23rd Street and Evans Street into the State highway system to connect with the bridge.

General Statute 143B-346 provides:

The general purpose of the Department of Transportation is to provide for the necessary planning, construction, maintenance, and operation of an integrated statewide transportation system for the economical and safe transportation of people and goods as provided for by law.

General Statute 143B-350, creating the Board of Transportation, states:

(a) There is hereby created a Board of Transportation. The Board shall carry out its duties consistent with the needs of the State as a whole and it shall not sacrifice the general statewide interest to the purely local desires of any particular area. . . .

General Statute 136-45, under the heading State Highway System, provides:

The general purpose of the laws creating the Department of Transportation is that said Department of Transportation shall take over, establish, construct and maintain a statewide system of hard-surfaced and other dependable highways running to all county seats, and to all principal towns, State parks, and principal State institutions, and linking up with state highways of adjoining states and with national highways into national forest reserves by the most practical routes, with special view of development of agriculture, commercial and natural resources of the State, and for the further purpose of permitting the State to assume control of the State highways, repair, construct, and reconstruct and maintain said highways at the expense of the entire State, and to relieve the counties and cities and towns of the State of this burden.

General Statute 136-54 states:

The Board of Transportation shall be authorized, when in its judgment the public good requires it, to change, alter, add to, or abandon and substitute new sections for, any portion of State Highway System.

Plaintiff argues that with respect to municipal streets G.S. 136-45 and G.S. 136-54 were repealed by the enactment of G.S. 136-66.2. We do not agree. General Statute 136-45 and General Statute

136-54 have both been amended numerous times since 1959, and there has been no mention of their repeal. Repeal by implication is not favored in the law, *Commissioner of Insurance v. N. C. Automobile Rate Office*, 294 N.C. 60, 241 S.E. 2d 324 (1978), and statutes dealing with the same subject matter must be construed in *pari materia*, and harmonized if possible to give each effect. 12 Strong's North Carolina Index 3d, Statutes, § 5.

In the instant case we are concerned with the power of the sovereign State of North Carolina to act through the DOT and BOT in behalf of the State and for its immediate sovereign purposes. *See Highway Commission v. Board of Education*, 265 N.C. 35, 143 S.E. 2d 87 (1965). The BOT and the DOT, acting on behalf of the State itself, are in essence the sovereign and have paramount authority over municipal corporations which are subservient to the State in such matters. The DOT's discretionary authority under G.S. 136-54 is not subject to judicial review unless its action is so clearly unreasonable as to amount to oppressive and manifest abuse. *Guyton v. N.C. Board of Transportation*, 30 N.C. App. 87, 226 S.E. 2d 175 (1976). As stated in 4A Nichols on Eminent Domain, 3d ed. (1981) § 15.2(2):

> Whatever doubts may arise regarding other property, it is well settled that streets and highways are held in trust for the public, and whatever estate or interest in them belongs to the city or town in which they lie is owned by the municipality in its governmental capacity and as an agency of the State. The power of the State over highways is (as against the municipality) absolute, and the legislature, as the representative of the public, may decide what roads shall be built and how they shall be paid for.

Plaintiff contends that the enactment of G.S. 136-66.2 permitting the development of a plan for a coordinated street system precludes the DOT and BOT from declaring 23rd Street and Evans Street part of the State highway system. First, it should be noted that under G.S. 136-66.2(a), the onus for development of the plan is placed on the municipality. Further, G.S. 136-66.2(b) provides:

> [A]s part of the plan, the governing body of the municipality and the Department of Transportation shall reach an agreement as to which of the existing and proposed streets and

highways included in the plan will be a part of the State highway system and which streets will be a part of the municipal street system.

Subsection (e) of G.S. 136-66.2 anticipates the situation where there has been no comprehensive plan for future development and states that, "the Department of Transportation and any municipality may reach an agreement as to which existing or proposed streets and highways within the municipal boundaries shall be added to or removed from the State highway system."

This statute became effective in 1959. Plaintiff has failed since that time, a period of 25 years, to present to the DOT or its predecessor, a comprehensive plan of development. Plaintiff now argues that without such an agreement, the DOT is without power to act with respect to streets within the Town of Morehead City. To allow such an interpretation would be to thwart the clear legislative intent granting the DOT and BOT broad powers to carry out their mandate to construct and maintain an integrated highway system consistent with the public good of the State of North Carolina.

Plaintiff emphasizes G.S. 136-66.2(f) to support its position that because 23rd Street and Evans Street were part of the municipal system on July 1, 1959, they must remain part of the municipal street system until changed in accordance with this section. This reliance is misplaced for the reason that G.S. 136-66.2(f) provides that streets within municipalities that are on the State highway system will remain on the State highway system until changes are made in accordance with this section. If the Legislature had intended that the converse be true, i.e., that municipal streets would remain municipal streets, the Legislature could have so stated.

The only direct route between the Town of Atlantic Beach and the Town of Morehead City is by way of the bridge over Bogue Sound. This bridge also forms the most direct route between the Town of Atlantic Beach and the Town of Beaufort, the County Seat of Carteret County. All three are principal towns. The DOT is acting within its legislative authority granted under G.S. 136-45 in constructing the bridge and declaring 23rd Street and Evans Street part of the State highway system in order to facilitate completion of the project.

---

---

In view of the foregoing, the trial court's granting of summary judgment in favor of defendants is affirmed.

We also affirm the trial court's granting of plaintiff's Motion for Summary Judgment against the Intervenor-defendants on their Crossclaim for the reason that the Court will not inquire into the legislative body's motives in passing the 9 August 1983 Resolution. *See Clark's v. West*, 268 N.C. 527, 151 S.E. 2d 5 (1966). Moreover, we note that as indicated in their brief, Intervenors' substantive position in the lawsuit is consistent with that of defendants.

Affirmed.

Chief Judge HEDRICK and Judge WHICHARD concur.