DEPARTMENT OF TRANSPORTATION, Plaintiff v. DOLPH D. OVERTON, III, and wife, SUE H. OVERTON and CSX TRANSPORTATION, INC., Defendants

No. 9211SC781

(Filed 7 September 1993)

**Eminent Domain § 172 (NCI4th) — condemnation proceeding — safety issue — finding by trial court required**

If a condemnation proceeding brought by the DOT is subject to review due to allegations of arbitrary and capricious conduct or abuse of discretion, and if the court finds safety to be of legitimate concern, the trial judge must make a finding of fact on that issue, and, absent such a ruling, an appellate court cannot properly review the trial court's decision as to whether DOT's actions were arbitrary and capricious. In this case where defendant railroad claimed that the DOT's proposed railroad crossing was unsafe, it was error for the trial court to determine that DOT did not act in an arbitrary and capricious manner in choosing this particular route without first finding whether the proposed crossing was unreasonably dangerous.

**Am Jur 2d, Eminent Domain § 375 et seq.**

Appeal by defendants from judgment entered 13 February 1992 by Judge Robert L. Farmer in Johnston County Superior Court. Heard in the Court of Appeals 10 June 1993.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Emmett B. Haywood, for the State.*

*Maupin Taylor Ellis & Adams, P.A., by Charles B. Neely, Jr., Gilbert C. Laite, III, and Stephen H. Shook, for defendant CSX Transportation, Inc.*

*Mast, Morris, Schulz & Mast, P.A., by George B. Mast and T. Michael Lassiter, Jr., for defendants Dolph D. Overton, III and Sue H. Overton.*

LEWIS, Judge.

On 8 August 1989 the Department of Transportation (hereafter "DOT") filed complaints and the necessary declarations of taking

and notices of deposit against Dolph Overton, III, his wife Sue Overton, and CSX Transportation, Inc. (hereafter "CSX"), seeking to condemn a roadway across CSX's main line railroad right of way. Although the Overtons are denominated as defendants in this action, they actually petitioned to have the road built and have fully cooperated with DOT. CSX, however, opposed the roadway. At a hearing held pursuant to N.C.G.S. § 136-108, the trial court dismissed CSX's defenses and objections for insufficient evidence under Rule 41 of the North Carolina Rules of Civil Procedure. CSX now appeals from this dismissal.

According to DOT, the purpose of the condemnation proceeding was to acquire the right of way for the extension of an existing secondary road across CSX's railroad tracks to connect U.S. 301 with Interstate 95. The total length of the proposed extension is approximately .2 miles. The Overtons own Kenly Industrial Park, into which the existing road dead ends and which would benefit from the proposed roadway. DOT emphasizes that the extension would serve the Town of Kenly's water and sewer facility as well as the Kenly Industrial Park. The road would be part of the State's secondary road system. In addition to the petition of the Overtons, DOT points out that the Johnston County Board of Commissioners, the Town of Kenly and the Johnston County School Board also requested the extension.

CSX argues that DOT acted arbitrarily, capriciously and in an abuse of discretion, that the point of crossing is unreasonably dangerous, that the takings are not for a proper public purpose, and that DOT violated State environmental laws. CSX estimates that 10,500 of the 14,700 estimated daily traffic count will be for Kenly Industrial Park. CSX objected to DOT's proposed agreement and plans in September 1987, and continued to object, urging DOT to consider alternative routes due to the hazardous location of the proposed road and crossing. In December 1988 DOT adopted a Resolution and Order requiring CSX to provide a "proper grade crossing." CSX, however, refused to allow DOT to enter its right of way, and advised DOT that it would deny access for the proposed construction and that the Order was invalid. Nevertheless, DOT began construction on the road up to CSX's right of way, and filed the present condemnation proceeding in August 1989. Construction of the crossing was stayed pending the resolution of this case.

## DEPT. OF TRANSPORTATION v. OVERTON
[111 N.C. App. 857 (1993)]

The standard of review of a Rule 41(b) dismissal is whether any evidence supports the findings of the trial judge, notwithstanding evidence to the contrary. *Lumbee River Elec. Membership Corp. v. City of Fayetteville*, 309 N.C. 726, 741, 309 S.E.2d 209, 218-19 (1983). If the findings of fact are supported by the evidence and those findings support the conclusions of law, they are binding on appeal. *Id.* at 741-42, 309 S.E.2d at 219.

The power of eminent domain is a prerogative of a sovereign state, limited only by the constitutional requirements of due process and the payment of just compensation for the property. *State v. Core Banks Club Props., Inc.*, 275 N.C. 328, 334, 167 S.E.2d 385, 388 (1969). The Department of Transportation possesses the power of eminent domain and has broad discretion in establishing, constructing and maintaining roads and highways for the public use. N.C.G.S. § 136-18 (Cum. Supp. 1992); *State Highway Comm'n v. Batts*, 265 N.C. 346, 356, 144 S.E.2d 126, 133 (1965). Generally, once a public purpose is established the taking is not reviewable by the courts. *City of Charlotte v. McNeely*, 281 N.C. 684, 690, 190 S.E.2d 179, 184 (1972); Webster, *Real Estate Law in North Carolina*, § 403, p. 524 (3d ed. 1988). However, allegations of arbitrary and capricious conduct or of abuse of discretion on the part of the condemnor render the issue subject to judicial review. *Duke Power Co. v. Ribet*, 25 N.C. App. 87, 89, 212 S.E.2d 182, 183 (1975); *McNeely*, 281 N.C. at 690, 190 S.E.2d at 185. "Exercise of the Board's discretionary authority so conferred upon it by statute is not subject to judicial review, unless its action is so clearly unreasonable as to amount to oppressive and manifest abuse." *Guyton v. North Carolina Bd. of Transp.*, 30 N.C. App. 87, 90, 226 S.E.2d 175, 177 (1976).

We note that either DOT or another party to a condemnation proceeding may request a section 136-108 hearing, at which the judge "shall . . . hear and determine any and all issues raised by the pleadings other than the issue of damages . . . ." N.C.G.S. § 136-108 (1986). The judge's function at a section 136-108 hearing is to decide all questions of fact other than damages and to adjudicate DOT's right to condemn the specified property. *See North Carolina State Hwy. Comm'n v. Farm Equip. Co.*, 281 N.C. 459, 189 S.E.2d 272 (1972).

CSX's main argument on appeal is that DOT acted arbitrarily and capriciously and abused its discretion in selecting the site

and in choosing to condemn CSX's property for the proposed road-way and crossing. One of the significant factors which renders DOT's decision arbitrary and capricious, according to CSX, is safety. CSX points out that the trial court failed to make a finding regarding safety, however, and that this failure requires reversal. Although the trial court found that the proposed crossing would be "controlled by gates and signals for the safety of the public," the trial court also stated,

> The Court cannot rule whether the proposed crossing is safe or dangerous; nor may the Court substitute its judgment for that of the Department of Transportation although the Court can and has considered evidence regarding the safety of the proposed crossing.

The court concluded that DOT's actions were neither arbitrary and capricious nor an abuse of discretion. CSX argues that the court could not properly reach a conclusion regarding whether the condemnation was arbitrary and capricious or an abuse of discretion without first determining whether or not the proposed crossing was safe. Thus, according to CSX the court's conclusion is not supported by the court's findings of fact, and a Rule 41(b) dismissal was therefore improper. CSX asks this Court, among other things, to outline the analysis trial courts should apply to claims of arbitrary and capricious conduct in condemnation proceedings, specifically concerning the treatment of safety issues.

The safety of a proposed condemnation is clearly a factor to be considered in the arbitrary and capricious analysis, but no North Carolina cases discuss whether or not the trial judge must actually make a finding on the issue of safety at a section 136-108 hearing. However, as stated above, the trial judge must resolve all issues other than damages at such hearings. We therefore hold that if condemnation proceedings are subject to review due to allegations of arbitrary and capricious conduct or abuse of discretion, and if the court finds safety to be of legitimate concern as he did here, the trial judge must make a finding of fact on that issue. Absent such a ruling, an appellate court cannot properly review the trial court's decision as to whether or not DOT's actions were arbitrary and capricious.

In the case at hand testimony indicated that all railroad crossings are considered dangerous. In this situation the trial court would have to determine whether or not the proposed crossing

was unreasonably dangerous. This determination would involve weighing the benefits of the crossing against the potential hazards associated with it. A finding that the crossing would be unreasonably dangerous would certainly affect the court's decision as to whether or not DOT had acted arbitrarily and capriciously. Though not an issue here, quaere: If DOT requires CSX to provide a grade crossing despite considerable and significant evidence that the site is unduly dangerous, should the railroad be solely responsible for damages in the event of an accident?

In this case, we cannot determine whether a Rule 41(b) dismissal was appropriate because we cannot determine whether the trial judge's conclusion of law that DOT did not act in an arbitrary and capricious manner was supported by its findings of fact. Thus, it was error for the trial judge to state that he could not rule on whether the proposed crossing was safe or dangerous.

Reversed and remanded.

Judges EAGLES and McCRODDEN concur.