## CITY OF CHARLOTTE v. COOK

[125 N.C. App. 205 (1997)]

THE CITY OF CHARLOTTE, Plaintiff v. J. ERNEST COOK; and wife, RUBY H. COOK, Defendants

THE CITY OF CHARLOTTE, Plaintiff v. J. ERNEST COOK; and wife, RUBY H. COOK, and CRESCENT ELECTRIC MEMBERSHIP CORPORATION, Defendants

No. COA96-364

(Filed 21 January 1997)

**Eminent Domain § 29 (NCI4th)— condemnation for water system—fee simple title—easement sufficient—abuse of discretion**

The trial court's judgments vesting fee simple title in plaintiff were vacated where the City sought to acquire by condemnation a seventy-foot wide strip of defendant's dairy farm for a pipeline and various other lines and cables for a water treatment plant, which would cut off a fifteen-acre tract of land from the rest of the farm. There is nothing in the facts found by the court which would justify taking the property in fee simple rather than by acquiring an easement, and the conclusion that an easement is all the City needed is supported by statements of City representatives at a City Council meeting. It is an abuse of discretion for a condemning authority to condemn a greater estate in land than is necessary to accomplish the intended public purpose.

**Am Jur 2d, Eminent Domain §§ 385, 386.**

Appeal by defendants from judgments entered 6 December 1995 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 December 1996.

*City Attorney Dewitt F. McCarley, by Assistant City Attorney R. Susanne Knox and Deputy City Attorney H. Michael Boyd, for plaintiff-appellee.*

*Bailey, Patterson, Caddell, Hart & Bailey, P.A., by H. Morris Caddell, Jr., for defendants-appellants J. Ernest Cook and Ruby H. Cook; William R. Pope and Crisp, Page & Currin, L.L.P., by Cynthia M. Currin, for defendant-appellant Crescent Electric Membership Corporation.*

LEWIS, Judge.

The question presented in this appeal is whether the trial court erred in allowing the City of Charlotte ("the City") to condemn a por-

tion of property belonging to defendant J. Ernest Cook and defendant Ruby H. Cook ("the Cooks") in fee simple in order to construct a pipeline. Because the City's actions constitute an abuse of discretion, we reverse.

The City instituted these condemnation actions under section 7.81 of its charter against the Cooks, the owners of the property, and Crescent Electric Membership Corporation, the holder of an option to purchase a portion of the property. Section 7.81 grants the City the power of eminent domain for "the acquisition of property to be used for . . . water supply and distribution systems" according to the procedure outlined in Article 9, Chapter 136 of the North Carolina General Statutes.

The City sought to acquire a seventy foot wide strip of the Cook's dairy farm ("Cook property") by condemnation of the fee to house a pipeline and various other lines and cables for a new raw water treatment plant in North Mecklenburg County being constructed by the Charlotte-Mecklenburg Utility Department ("CMUD"). The proposed condemnation would cut off a fifteen acre tract of land from the rest of the farm. The defendants opposed the condemnation in fee alleging, inter alia, that the public purpose could be accomplished by an easement. After this matter was heard at the 5 October 1995 term of Mecklenburg County Superior Court, the trial court concluded that plaintiff was entitled to condemn the Cook property in fee simple. Defendants appeal.

Defendants maintain that the City abused its discretion in condemning the Cook property in fee simple because it is not necessary. They contend that an easement would be sufficient to serve the public purpose. We agree.

"Generally, once a public purpose is established the taking is not reviewable by the courts. However, allegations of arbitrary and capricious conduct or of abuse of discretion on the part of the condemnor render the issue subject to judicial review." *Dept. of Transportation v. Overton*, 111 N.C. App. 857, 859, 433 S.E.2d 471, 473 (1993) (citations omitted). An abuse of discretion results when an act is " 'not done according to reason or judgment, but depending upon the will alone' and 'done without reason.' " *Dare County Bd. of Education v. Sakaria*, 118 N.C. App. 609, 615, 456 S.E.2d 842, 846 (1995), *aff'd per curiam*, 342 N.C. 648, 466 S.E.2d 719 (1996) (citations omitted).

To our knowledge, no other North Carolina appellate court has dealt directly with the issue of whether a condemning authority

abuses its discretion by taking a greater estate than is necessary for the public purpose. However, other Courts have recognized the principle that " 'the power to take private property is in every case limited to *such* and *so much* property as is necessary for the public use in question.' " *Highway Comm. v. Equipment Co.*, 281 N.C. 459, 473, 189 S.E.2d 272, 280 (1972) (quoting *Brest v. Jacksonville Expressway Authority*, 194 So. 2d 658 (Fla. App. 1967), *aff'd*, 202 So. 2d 748 (Fla. 1967)); *accord Jennings v. Highway Comm.*, 183 N.C. 68, 76, 110 S.E. 583, 584 (1922). Due to the lack of North Carolina law on this topic, we have looked to other jurisdictions for guidance.

In a similar case, the Supreme Court of Montana has held that a county cannot condemn fee simple title to a defendant's property when an easement would be sufficient to accomplish the public use. *See Silver Bow County v. Hafer*, 532 P.2d 691, 693 (Mont. 1975). In so holding, that court observed, "It is well established that a condemning authority can not acquire a greater interest or estate in the condemned property than the public use requires." *Id.* at 692. To support this assertion and its holding, the court quoted the following language from 3 Nichols on Eminent Domain § 9.2[2]:

"It necessarily follows from the principle that property cannot constitutionally be taken by eminent domain except for the public use, that no more property can be taken by eminent domain than the public use requires, since all that might be appropriated in excess of the public needs would not be taken for the public use. While considerable latitude is allowed in providing for the anticipated expansion of the requirements of the public, the rule itself is well established, and applies both to the amount of property to be acquired for public use and to the estate or interest acquired in such property. *If an easement will satisfy the public needs, to take the fee would be unjust to the owner, who is entitled to retain whatever the public needs do not require, and to the public, which should not be obliged to pay for more than it needs . . . .*"

*Id.* at 693.

We adopt the reasoning of the Montana court and hold that it is an abuse of discretion for a condemning authority to condemn a greater estate in land than is necessary to accomplish the intended public purpose. However, whether such an abuse of discretion has occurred should be determined according to the facts of each case.

CITY OF CHARLOTTE v. COOK

[125 N.C. App. 205 (1997)]

In the present case, the trial court found the following reasons for the City's taking the property in fee simple:

a. the depths (up to 40 feet deep) at which the 60-inch diameter pipes will be installed;

b. the number and nature of the facilities that will be located within the pipeline route;

c. the ability to exercise effective control over all uses of the pipeline route by having the ability to determine in advance any proposed used [sic] of the pipeline route which would be permitted by the City;

d. the ability to protect the pipeline facilities more effectively than if the City of Charlotte only had an easement;

e. the cost for acquisition of a fee simple interest were [sic] not anticipated to be significantly different than for the acquisition of an easement;

f. the ability to select the most economical electric power supplier.

We find nothing in these facts which would justify taking the Cook's property in fee simple rather than by acquiring an easement. In fact, after review of the record, we find no justification whatever for the City's fee simple condemnation. The taking by a city of more than can be justified and the paying of tax dollars is not only wasteful but unwise, arbitrary and arguably unconstitutional. Should the facility be abandoned in the future, the farm should not be needlessly divided by a strip of city land. A specially crafted easement will provide the control and protection the City desires with less injury to the Cooks. Furthermore, the equality of cost to the City is no reason to wrongfully deprive an individual of his or her property, nor is the right to select an electrical provider.

Additionally, our conclusion that an easement is all the City needed to acquire is supported by statements of City representatives themselves at a 12 September 1994 City Council Meeting, the minutes of which are an exhibit to the record. At the meeting, the director of CMUD acknowledged that although it was not preferable, it was technically possible to accomplish what was needed with an easement. A deputy city attorney stated that it was "possible that an easement could be used."

We hold that the City abused its discretion by taking fee simple title to the Cook's property because an easement is sufficient to carry out the public use intended. " 'It is not a trivial thing to take another's land.' " *Highway Comm. v. School*, 5 N.C. App. 684, 689, 169 S.E.2d 193, 196 (1969) (quoting *City and County of San Francisco v. Grote*, 52 P. 127 (Cal. 1898), *aff'd*, 276 N.C. 556, 173 S.E.2d 909 (1970).

Accordingly, the trial court's judgments vesting fee simple title in plaintiff are vacated. However, nothing in this opinion shall be read to prohibit the City from seeking an easement.

Judgment vacated.

Judges WALKER and SMITH concur.