I respectfully dissent from the majority decision to affirm the Deputy Commissioner's Opinion and Award in this case.
The majority has held that "by and through the actions and inactions of its employees, defendant breached its duty to maintain Interstate 77 in Surry County in a reasonably safe condition, and was therefore, negligent." Further, the majority held that "defendant breached its duty to warn motorists of a known hazard along Interstate 77 in Surry County, or close the affected sections of the interstate until conditions were safe for travel. . . ." I am of the opinion that the majority used an incorrect standard of review in this case.
The Department of Transportation has the authority, duty and responsibility to plan, design, locate, construct and maintain the system of public highways in this State. N.C. Gen. Stat. § 143B-346;Equipment Co. v. Hertz Corp. and Contractors, Inc. v. Hertz Corp.,256 N.C. 277, 123 S.E.2d 802 (1962). The Department is vested with broad discretion in carrying out its duties and responsibilities with respect to the design and construction of our public highways. See Guyton v.Board of Transportation, 30 N.C. App. 87, 226 S.E.2d 175 (1976). The policies of the Board of Transportation and the Department of Transportation and the myriad discretionary decisions made by them as to design and construction are not reviewable by the judiciary "unless [their] action is so clearly unreasonable as to amount to oppressive and manifest abuse." Id. at 90, 226 S.E.2d at 177.
In the instant case defendant made the decision, based upon available resources including financial considerations and structural realities, to maintain the deteriorating portions of Interstate 77 through the use of temporary patching. This constitutes an intentional, discretionary decision and as such is not a negligent breach of any duty imposed upon it by the facts and circumstances of this case. Further, the discretionary decision of defendant was not "so clearly unreasonable as to amount to oppressive and manifest abuse" so as to invoke the jurisdiction of the judiciary or the Industrial Commission to review the discretionary policy-making decisions of defendant. See Hochheiser v.North Carolina Dept. of Transportation, 82 N.C. App. 712, 348 S.E.2d 140
(1986), aff'd, 321 N.C. 117, 361 S.E.2d 562 (1987).
The Tort Claims Act permits finding liability on the part of the State in claims arising "as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." N.C. Gen. Stat. § 143-291. Under the facts of this case, I do not believe sufficient evidence has been presented supporting the conclusion that defendant or its employees had actual or constructive notice of the specific hazard which proximately caused plaintiffs' injuries. It is not reasonable to expect that defendant can dispatch workers in sufficient numbers to patrol every mile of Interstate roads in this state to discover temporary obstructions which may arise at any given moment. Accordingly, it cannot be shown that defendant's failure to remove the specific debris which proximately caused plaintiffs' injuries constituted a negligent act or omission on the part of defendant's employees.
For these reasons, I would reverse the decision of the Deputy Commissioner and deny benefits under the Tort Claims Act.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER