I respectfully dissent from the majority opinion and award because I do not believe there was any negligence on the part of any officer or agent of the State.
It is uncontroverted that the N.C. Department of Transportation has the authority, duty and responsibility to plan, design, locate, construct and maintain the system of public highways in this State. N.C. Gen. Stat. §143B-346 (2003). The department is vested with broad discretion in carrying out its duties and responsibilities with respect to the design and construction of the public highways. See Guyton v. Board ofTransportation, 30 N.C. App. 87, 226 S.E.2d 175 (1976). The department's policies and discretionary decisions are not reviewable by the judiciary unless the action is so clearly unreasonable as to amount to oppressive and manifest abuse. Id. at 90, 226 S.E.2d at 177.
In the instant case, it was determined by the majority that the previous accident, referred to as the Denison-Gundersen accident, which occurred less than a week before plaintiff's accident, put defendant on notice that there was a need to either repave N.C. 343 or post signs referencing the possibility of standing water. As I noted in a previous case before the Full Commission, North Carolina case law is not clear as to whether the Industrial Commission has the authority to second guess discretionary decisions made by the Department of Transportation. SeeKline v. N.C. Department of Transportation, I.C. No. TA-15777 (Filed 17 September 2003).
In a recent case, Viar v. N.C. Department of Transp., ___ N.C. App. ___, 590 S.E.2d 909 (2004), the N.C. Court of Appeals held that
 the construction and maintenance of the state highway system is not an exercise of the NCDOT's "discretionary authority so conferred upon it by statute" as asserted by the dissent. See Guyton v. Board of Transportation, 30 N.C. App. 87, 90, 226 S.E.2d 175, 177 (1976) (holding that the defendant Board of Transportation did not abuse its authority when it excavated and removed a highway adjacent to the plaintiffs' property, where the North Carolina General Statutes specifically granted the defendant discretionary authority to take such action "when in its judgment the public good require[d] it").
See also Davis v. J.M.X., Inc., 137 N.C. App. 267, 528 S.E.2d 56 (2000) (acknowledging that the NCDOT had sole discretion in determining the posted signage for a construction project).
However, the Court of Appeals has held that the department's decision not to place guardrails at a site where two teenagers died in a one-car accident was discretionary. Hochheiser v. North Carolina Dept. ofTransp., 82 N.C. App. 712, 348 S.E.2d 140 (1986). Therefore, the case law in this area is not settled as to whether maintenance decisions made by the department are discretionary decisions or statutorily mandated actions. This query needs to be answered if there is to be any consistency to the case law regarding the instant issue.
Furthermore, even if the Industrial Commission had jurisdiction to hold the department liable for failing to properly maintain the state highways, I do not believe that the accident in the instant case was reasonably foreseeable due to the Denison-Gundersen accident alone. The Denison-Gundersen accident happened less than a week before the instant accident. There would not have been adequate time to act upon any recommendations for a change
Accordingly, I would affirm the decision of the deputy commissioner and deny benefits under the Tort Claims Act.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER