716

**Virgil MITCHELL, Appellant,**

v.

**Leroy JONES, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1955.

Marion Rider, Frankfort, for appellant.

Wm. A. Young, Clyde E. Reed, Frankfort, Lena M. Craig, Lexington, for appellee.

MILLIKEN, Judge.

The judgment of the trial court directed the appellant, Virgil Mitchell, to specifically perform his obligation under a written contract to purchase a farm, and denied his prayer for a rescission of the contract and a refund of the down payment he had made on the purchase price. It is the contention of the appellant that the title is defective for several reasons, one of which we conclude is sufficient to reverse the judgment.

In March, 1952, the appellant signed a contract to purchase the 50-acre Franklin County farm of the appellee, Leroy Jones, and made a 20% payment of $1,375 on the purchase price. By the terms of the contract the seller, Leroy Jones, undertook to deliver within 60 days a general warranty deed to the farm which, by the terms of the contract, included two access roads or right of ways, one to the Devil's Hollow Road

and one to the Pea Ridge Road. It was stipulated in the contract that both of these right of ways are *"deeded* right-aways." The outlet to the Pea Ridge Road was the more usable one, but an examination of the title to the property disclosed that it was based on a claim of prescriptive user and was not truly a "deeded" right of way.

On discovering no adequate deed to the Pea Ridge right of way, the conscientious title examiner interviewed the owners of the servient property over which the outlet passed to reach the Pea Ridge Road, and learned it was their contention that the passway was permissive. As a result of this information, he advised Mr. Mitchell that he would be "buying a headache" if he purchased the farm. Mr. Mitchell then sued for a rescission of the contract and a refund of the $1,375 he had paid upon the purchase price, and the appellee-seller, Leroy Jones, counterclaimed praying that the contract-vendee be compelled to purchase the property.

The nub of the problem is the meaning to be accorded the words, "Both roads (i. e., passways) are deeded right-aways." The purchaser contends that the word "deeded" was intended to save him from having the very "headache" he now has—that of proving that the questioned outlet was established by prescription. On the other hand, the seller, Leroy Jones, contends that a quitclaim deed in 1933 from John C. Hale and his wife to W. T. Jones, father of the seller, in which it was stated that the Hales conveyed "all right and title which they might have to another outlet from said farm leading to the Pea Ridge Road as said roadway is now established and has been used for many years," amounted to a "deeded right-away" within the meaning of the contract. The Hales owned the property for approximately two years and there is no reference to the passway in any of the preceding deeds in the chain of title.

In the course of this litigation the *seller* filed a cross-petition against the Pierces, who are owners of the servient estate over which the outlet passed, and sought to establish the passway by prescription. The Pierces testified that they established the passway in 1930 when they were farming the land now owned by Leroy Jones as heir of W. T. Jones, and that it had been used ever since by the Jones family by permission and not as a matter of right. Without submitting this conflicting evidence to a jury, the trial court granted Mr. Jones a summary judgment establishing the passway by prescription. Since the Pierces did not appeal, Mr. Jones now contends that the passway is established by prescription, all question to its validity removed, and, as a consequence, Mr. Mitchell has no excuse for not accepting a tendered deed to the land. When we bear in mind that the contract was signed in March, 1952, the present action was filed in August, 1952, the so-called summary judgment rendered in November, 1953, and the judgment directing specific performance by Mr. Mitchell, the vendee, entered in April, 1954, it is evident that Mr. Mitchell has been put to considerable trouble and expense rather than acquiring the simple "deeded right-aways" he thought he would get when he signed the contract.

■ There are many issues raised in the briefs of counsel, such as the propriety of the so-called summary judgment, the creditors' claims against the estate of W. T. Jones, father of the vendor-appellee, Leroy Jones, and the trial court's refusal to permit the appellant to amend his pleadings, but we see no point in discussing all of them at length because we have concluded that the extraordinary remedy of specific performance should not have been granted in this case to compel the appellant to purchase the property. It is our conclusion that the words "deeded right-aways" in the contract meant that there was a deed to the right of way in the chain of title which was adequate to establish title to the right of way and which would avoid the very troubles this litigation typifies. As a consequence, we do not believe the deed tendered by the seller was sufficient to convey a clear-cut *deeded* right of way to the Pea Ridge Road.

■ It is argued by the seller that the quitclaim deed from the Hales to W. T. Jones was as effectual as any other kind of

deed to convey title to the right of way. That, of course, would be true if the Hales actually had had a deed from the Pierces conveying to them such a right of way, or such a deed appeared in the chain of title from some predecessor of the Pierces. But the testimony discloses that no such conveyance of the right of way exists, and that even a prescriptive right of passage is disputed. Nor can we hold that the so-called summary judgment which the Pierces failed to appeal cures the defect. It is true that that judgment may be considered binding on the Pierces, although it was erroneously given, but it is not binding on Mr. Mitchell who certainly was greatly affected by it and challenged its propriety at the time it was granted. In order to obtain substantial justice, CR 1, we consider him a party in interest as to the summary judgment with the right to question its propriety on this appeal.

As heretofore stated, the summary judgment against the Pierces was granted on disputed evidence without submission of the issue to a jury. As well stated by Judge Church Ford in Lane v. Greyhound Corp., D.C., 13 F.R.D. 178, 179:

"* * * In seeking summary judgment in its favor, however, the burden rests upon the moving party to show that, notwithstanding the formal issues presented by the pleadings, there is in reality no genuine issue as to the material facts involved.

"We must bear in mind that, in passing upon a motion for summary judgment, it is no part of the court's function to decide issues of fact but only to determine whether there are such issues to be tried.

"In considering the narrow question thus presented by a motion for summary judgment, the authorities seem to be unanimous in holding that the court should take the view most favorable to the party against whom the motion is directed, giving that party the benefit of all favorable inferences that may reasonably be drawn from the evidence,

and resolving all doubts as to the existence of a genuine issue against the moving party. * * *

"In Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135, 136, the Court of Appeals of the Second Circuit took occasion to suggest that trial judges exercise great care in granting motions for summary judgment, saying 'A litigant has a right to a trial where there is the slightest doubt as to the facts.'"

It is our conclusion, therefore, that the seller, Leroy Jones, could not at the inception of the contract, and cannot now, convey a clear title to the Pea Ridge right of way and as a consequence, the appellant is entitled to a rescission of the contract and a return of the $1,375 down payment he made on the purchase price, and that it was error to grant the extraordinary remedy of specific performance on the factual situation developed in this case.

The judgment is reversed with directions to enter a judgment consistent with this opinion.