Rhodes v. Board of Education

JANE ELLIS RHODES v. THE BOARD OF EDUCATION OF THE PERSON COUNTY SCHOOL ADMINISTRATIVE UNIT, JAMES E. WINSLOW, CHAIRMAN, ALVIN DICKERSON, NANCY GARRETT, VIRGINIA HESTER, LOIS WINSTEAD AND WALTER S. ROGERS, IN HIS CAPACITY AS SUPERINTENDENT OF PERSON COUNTY SCHOOLS, WALTER S. ROGERS, INDIVIDUALLY, JOSIAH P. THOMAS, IN HIS CAPACITY AS PRINCIPAL OF HELENA ELEMENTARY SCHOOL, JOSIAH P. THOMAS, INDIVIDUALLY

No. 819SC1163

(Filed 6 July 1982)

Schools § 13.2— wrongful dismissal of teacher—insufficient complaint

　　Plaintiff career teacher's complaint was insufficient to state a claim for relief against defendant board of education for wrongful dismissal for insubordination where the complaint disclosed on its face that defendant had not breached its contract with plaintiff and that it had dismissed plaintiff only after strict compliance with the terms of the contract and the applicable statutes, and that plaintiff herself had failed to follow the procedure for obtaining further review pursuant to the contract and the law. G.S. 115-142.

APPEAL by plaintiff from *Battle, Judge*. Judgment entered 9 April 1981 in Superior Court, GRANVILLE County. Heard in the Court of Appeals on 10 June 1982.

This appeal arises from plaintiff's action, purportedly grounded on tort and contract, for wrongful discharge from her employment as a public school teacher in the Person County Schools. At trial, the action against the defendants Walter Rogers, who is the superintendent of schools in Person County, and Josiah Thomas, who is principal of the elementary school at which plaintiff taught, was dismissed at the close of all the evidence. The follow-

ing issues were submitted to and answered by the jury as indicated:

> 1. Was the plaintiff, Jane Ellis Rhodes, wrongfully discharged from her employment as a school teacher by the defendant, Person County Board of Education?

> Answer: Yes.

> 2. What amount of damages, if any, is the plaintiff, Jane Ellis Rhodes, entitled to recover of the defendant, Person County Board of Education?

> Answer: One dollar.

From a judgment entered on the verdict "that plaintiff have and recover of defendant, Person County Board of Education, the sum of one dollar," plaintiff appealed.

*Barringer, Allen and Pinnix, by John L. Pinnix and William D. Harazin, for plaintiff appellant.*

*Mount, White, King, Hutson, Walker & Carden, by R. Michael Carden and Albert W. Oakley, for defendant appellees.*

*North Carolina School Boards Association, Inc., by George T. Rogister, Jr., Richard A. Schwartz, and Elizabeth F. Kuniholm, amicus curiae.*

HEDRICK, Judge.

We note at the outset that plaintiff does not assign error to the dismissal of her claim as against individual defendants Walter Rogers and Josiah Thomas. The three assignments of error brought forward and argued in plaintiff's brief relate only to the issue of damages in her alleged claim against the defendant Person County Board of Education. In these three assignments of error, plaintiff contends that (1) the jury's verdict of one dollar was not supported by the evidence, (2) the court erred in denying plaintiff's motion pursuant to Rule 59 to set aside the jury verdict of one dollar, and (3) in light of uncontradicted evidence of substantial damages, the trial court erred in instructing the jury on nominal damages. Our disposition of the defendant's cross-assignment of error based on the trial court's denial of its Rule 12(b)(6) motion to dismiss for failure to state a claim against the

school board makes it unnecessary for us to discuss plaintiff's assignments of error.

A complaint may be dismissed for failure to state a claim upon which relief can be granted if the complaint is "clearly without any merit; . . . this want of merit may consist in an absence of law to support a claim, or *in the disclosure of some fact that will necessarily defeat the claim.*" *O'Neill v. Southern National Bank,* 40 N.C. App. 227, 232, 252 S.E. 2d 231, 235 (1979) [emphasis added].

In her complaint with respect to defendant Board of Education, plaintiff alleged that she had obtained career status within the meaning of G.S. § 115-142(g). Likewise in her complaint, plaintiff alleged that she had entered into a contract with defendant Person County Board of Education, and a copy of said contract was attached to and incorporated in such complaint by reference. The pertinent provision in the contract entered into between plaintiff and defendant Board of Education is as follows: "This agreement entered into between the Board of Education of the Person County School Administrative Unit and Jane E. Rhodes . . . , in accordance with and subject to the provisions of the school law applicable thereto, which are hereby made a part of this contract, witnesseth . . . ."

The pertinent portions of the "school law applicable thereto" are embodied in the then G.S. § 115-142, entitled "System of employment for public school teachers," and are as follows:

(d) Career Teachers.—

　　(1) A career teacher shall not be subjected to the requirement of annual appointment nor shall he or she be dismissed . . . without his or her consent except as provided in subsection (e).

　　· · ·

(e) Grounds for Dismissal . . . of a Career Teacher.—

　　(1) No career teacher shall be dismissed . . . except for:

　　· · ·

    c.   Insubordination . . . .

.  .  .

(h) Procedure for Dismissal . . . of Career Teacher.—

    (1) A career teacher may not be dismissed . . . except upon the superintendent's recommendation.

    (2) Before recommending to a board the dismissal . . . of the career teacher, the superintendent shall give written notice to the career teacher by certified mail of his intention to make such recommendation and shall set forth as part of his recommendation the grounds upon which he believes such dismissal is justified. The notice shall include a statement to the effect that if the teacher within 15 days after the date of the receipt of the notice requests a review, he shall be entitled to have the proposed recommendations of the superintendent reviewed by a panel of the [Professional Review] Committee. A copy of G.S. 115-142 and a current list of the members of the Professional Review Committee shall also be sent to the career teacher. If the teacher does not request a panel hearing within the 15 days provided, the superintendent may submit his recommendation to the board.

    (3) Within the 15-day period after receipt of the notice, the career teacher may file with the superintendent a written request for either (i) a review of the superintendent's proposed recommendation by a panel of the Professional Review Committee or (ii) a hearing before the board within 10 days. If the teacher requests an immediate hearing before the board, he forfeits the right to a hearing by a panel of the Professional Review Committee. If no request is made within that period, the superintendent may file his recommendation with the board. The board, if it sees fit, may by resolution dismiss such teacher.
    . . .

The statute also provides for the procedures to be followed by the Board when it conducts a hearing after the Professional Review Committee conducts a review of the superintendent's recommendation, when such review is requested; further, the statute provides for judicial review of dismissals ordered by the Board after such post-Professional Review Committee hearings.

While the plaintiff in her complaint has made many allegations against the individual defendants, Rogers and Thomas, both in tort and breach of contract, the essence of her allegations against the defendant Board of Education is simply that the Board breached its contract with her when it acted on the recommendation of the superintendent and dismissed her "'on the grounds of insubordination.'" Thus, the defendant's cross-assignment of error presents for review the question of whether plaintiff has stated a claim for relief against the defendant school board for breach of contract.

A contract between an employer and an employee which provides the manner in which the employee's job may be terminated is an enforceable agreement. *Bennett v. Eastern Rebuilders, Inc.,* 52 N.C. App. 579, 279 S.E. 2d 46 (1981). In the present case, by incorporating into the contract the applicable "school law," G.S. § 115-142, the parties have provided the reasons and means by which the plaintiff's teaching position with the Board can be terminated. Although plaintiff alleged she was "fired" by the superintendent in October, her complaint discloses she was not dismissed by the Board until 21 December. Indeed, plaintiff's complaint when considered along with the applicable "school law" discloses that only the Board had the authority to discharge her, and then only after following the procedure provided in the contract and the applicable school law. Rather than disclosing that the defendant school board breached the contract when it dismissed her on 21 December, the plaintiff's complaint affirmatively discloses that the defendant board followed strictly the provisions of the applicable "school law" and the contract in dismissing plaintiff. On the other hand, plaintiff has not alleged that she followed the provisions of the applicable law and the terms of the contract to obtain a hearing or review of the Board's action after she received the letter of the superintendent, dated 16 November 1977, notifying her that he intended to recommend to the Board that she be discharged for insubordination. If plaintiff had chosen

to follow the terms of the contract, she could have ultimately obtained judicial review of the question of whether the Board had breached its contract in discharging her for insubordination. Since, upon receiving notification from the superintendent of his intention to recommend her dismissal, she sought neither a Professional Review Committee hearing nor a hearing before the Board, the Board, as it saw fit, could by resolution dismiss plaintiff. Since the contract and the school law provide the means of determining whether the Board acted properly and pursuant to law in dismissing the plaintiff, a "career status" teacher, the trial court erred in denying the Rule 12(b)(6) motion of the defendant school board when plaintiff's complaint disclosed on its face that the defendant Board had not breached the contract and that it had dismissed the plaintiff only after strict compliance with the terms of the contract and the applicable "school law," and that the plaintiff herself had failed to follow the procedure for obtaining further review pursuant to the contract and the law.

For the reasons stated, the judgment of the superior court with respect to the defendant Person County Board of Education is vacated, and the cause is remanded to the superior court for an order dismissing plaintiff's claim against the Board for failure to state a claim upon which relief can be granted.

Vacated and remanded.

Judges ARNOLD and WELLS concur.