**Lisa HAMMOND, Appellant,**

**v.**

**HERITAGE COMMUNICATIONS, INC., Clovis Sadler, Moena Sadler & Reggie Sadler, Appellees.**

**No. 87–CA–1154–S.**

Court of Appeals of Kentucky.

Aug. 26, 1988.

Natty Bumppo, Gary S. Logsdon, Brownsville, for appellant.

William T. Klapheke II, Glasgow, for appellees.

Before COMBS, COOPER and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a partial summary judgment for the appellees/defendants below, in an action alleging wrongful discharge, breach of an implied contract of employment as well as tortious interference with a business relationship. The trial court refused to enter a summary judgment on that portion of the complaint alleging libel. On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that there were no genuine issues as to any material fact and that the appellees were entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm in part, reverse in part and remand.

The facts relevant to this action are as follows: in February of 1986 the appellant, Lisa Hammond, filed this action against the appellees, Heritage Communications, Inc., Clovis Sadler, Moena Sadler and Reggie Sadler. The complaint was filed as a result of the appellant's being discharged as an at-will employee of radio stations WKAY–AM and WGGC–FM, stations owned by the appellee, Heritage Communications, Inc. The owners in question were Clovis and Moena Sadler. The appellant specifically alleged that she was wrongfully fired after a nude photograph of her appeared in the March 1986 issue of "Playboy" magazine. Additionally, she alleged that the appellees both encouraged and induced her to appear in the magazine.

Subsequent to discovery by all parties, the trial court granted a partial summary judgment for the appellees on those counts of the complaint alleging wrongful discharge and tortious interference with a business relationship. It refused to grant judgment for the appellee on the question of libel. It is from such partial summary judgment that the appellant now appeals. CR 54.02(1).

In its order entering summary judgment, the trial court ruled, in part, as follows:

Count I of her complaint filed February 1, 1986, alleges that plaintiff's discharge constituted the breach of an implied contract for employment. An implied contract is one neither oral nor written—but rather, implied in fact, based on the parties' actions. It is elementary that a contract is a transaction in which each party comes under an obligation to the other.

The Court sees no merit to the contention that there was a contract between defendant and plaintiff herein, as there was no mutuality of obligation, a legal necessity for the finding of a valid contract. *Crowell v. Woodruff* 245 S.W.2d 447 (1951). But, viewing the record in the light most favorable to the plaintiff, even if there was enough evidence to go to the jury on the contract issue, there are no damages, as plaintiff clearly states that she made more money after leaving defendant's employ than she did while in his employ. In her complaint, she alleges humiliation and emotional distress; but she herself was the one who called the media to publicize her termination and actively sought publicity over it. She presents no evidence to support her claim that she has lost any earning power.

If she suffers from a nervous condition, she has brought it on herself by injecting herself into the limelight; if she worries that her house will be burned down, by no stretch of the imagination can she attribute that fear to any actions but her own.

■ As an at-will employee, the appellant, *if* alleging the tort of wrongful discharge, must establish a violation of a constitutionally protected right or of a right implicit in a statute. *See Firestone Textile Co. Div. v. Meadows*, Ky., 666 S.W.2d 730 (1984). The narrow exceptions established by the court in *Firestone, supra*, were reaffirmed by the court in *Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1985).

■ In its order, the trial court did *not* specifically address the issue of the appellant's status as an at-will employee and under what circumstances she could be discharged. Rather, it premised its judgment on the fact that *no implied contract* was entered into between the parties and that therefore there was no mutuality of obligation; more importantly, it found that the appellant had failed to prove any damages. Reviewing the record below, we find that such judgment was premature, viewing the evidence, and resolving all favorable inferences which could reasonably be drawn from the evidence, in favor of the appellant. *Mitchell v. Jones*, Ky., 283 S.W.2d 716 (1955).

■ Here, the record is undisputed that the appellant's immediate supervisor, station manager Reggie Sadler, told her that she would not lose her job if her photograph were to appear in "Playboy". This admission, together with the allegations set forth in the complaint, create an issue of fact as to whether an oral contract modifying appellant's status as an at-will employee was entered into between the parties. Consequently, if a jury finds that an oral contract did exist, modifying her at-will status, the appellant is entitled to introduce evidence proving that such a contract was breached and that she was damaged. In *Cory v. SmithKline Beckman Corp.*, 585 F.Supp. 871 (E.D.Pa.1984), an at-will employee who alleged that she remained with her employer as a result of assurances of fair treatment, was held to have stated a cause of action for breach of an oral employment contract and cause of action for intentional infliction of emotional distress.

Although courts have had difficulty in defining a proper measure of damages for an at-will employee who has been wrongfully discharged—*See* Anno., "Damages recoverable for wrongful discharge of at-will employee." 44 A.L.R.4th 1131—one approach has been to allow the employee *to* recover compensatory damages *if* she can present evidence that she would have retained her position for a definite period of time. *See Bennett v. Eastern Rebuilders, Inc.*, 52 N.C.App. 579, 279 S.E.2d 46 (1981); *Santex, Inc. v. Cunningham*, Tex.Civ. App., 618 S.W.2d 557 (1981). Notwithstanding the fact that the appellant was hired as an at-will employee, she is entitled

155

to establish that her status was altered by the oral assurances made to her and that she was thereafter working under the terms of an oral contract for a specific period of time. What the duration of that time was must be determined by the specific facts involved, including the understanding of the parties and their expectations as to how long the appellee would stay in her former position. *See Shah v. American Synthetic Rubber Corp.*, Ky., 655 S.W.2d 489 (1983).

██ The trial court found that the appellant "made more money after leaving defendant's employ than she did while in his employ", and that she therefore failed to prove any element of damages. From a review of the record below, we find that at the time the judgment was entered such a finding was premature and not supported by the evidence. In her deposition of May 15, 1986, the appellant stated that in the intervening weeks since her dismissal on January 28, 1986, she had made more money than she would have made had she continued in the employment with the radio station. Nevertheless, she also testified that her present work, both as a secretary and as a model, was part-time and sporadic. Consequently, a genuine issue of fact exists as to whether or not she sustained any loss of wages as a result of her firing for the period of time she would have continued in her former position. *Newport Dairy v. Shackelford*, 261 Ky. 754, 88 S.W. 2d 940 (1935).

██ As to the second count of the trial court's judgment, dismissing that portion of the appellant's complaint alleging tortious interference with a business expectancy, we cannot say, based upon a review of the record below, that the trial court's action in this respect was clear error or clearly premature. Specifically, the trial court noted that the appellant failed to establish *any* evidence of lost jobs or economic opportunities as a result of failing to properly receive her mail or telephone calls which went to her employer. In effect, the trial court concluded that there was no evidence to support such a claim and that she had failed to establish any duty on the part of her employer in this respect.

That portion of the trial court's judgment dismissing the Count I of the appellant's complaint is hereby reversed. The trial court is directed to enter a trial for the appellant on this issue. That portion of the judgment dismissing Count II of the complaint is affirmed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.