**Regina HINES, Plaintiff,**

v.

**ELF ATOCHEM NORTH AMERICA, INC., Defendant.**

Civ. A. No. C–91–0269–P(J).

United States District Court, W.D. Kentucky, Paducah Division.

Feb. 4, 1993.

plaint, the depositions and affidavits the court has gleaned the following:

In 1980 Regina Hines was elevated from her position as a part-time nurse to a full-time salaried nurse at the Elf Atochem North America, Inc. plant. Hines alleges that two of her supervisors directed that she (1) not make OSHA incident reports; (2) falsify OSHA records; and (3) provide confidential employee informational records. After she refused to comply with their orders the supervisors harassed and retaliated by not giving her adequate materials, equipment, educational seminars, sufficient work space, or payment for membership in professional organizations. She further alleges that such denials led to stress for which she sought medical attention and took a two-week leave of absence and that when she returned to work the harassment was worse. On August 27, 1990 she obtained an extended medical leave.

On October 19, 1990 Hines met with the plant physician and company representatives to discuss her return to work. During the discussion she presented to them a list of changes she wanted made to her working conditions. By certified letter, dated three days letter, the Manager of Industrial Relations stated that he was advised that Hines phoned Dr. Ornella advising him that her personal physician had released her to return to work but that she was not willing to do so unless certain employment conditions were satisfied. The defendants construed her itemized changes as "a necessary prerequisite for [her] return to work" and not being able to make the requested changes her voluntary resignation was accepted and her termination was effective October 19, 1990.

On October 22, 1990 Hines sent a certified letter stating, among other things, that she had not been released to return to work, that she was still under doctor's care, she did not intend to voluntarily resign from her position, she expected to continue to receive her sick pay as long as she was off work under a physician's care

David L. Yewell, Rummage, Kamuf, Yewell, Pace & Condon, Owensboro, KY, for plaintiff.

Mark C. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, KY, for defendant.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

Giving the plaintiff the most favorable interpretation of the allegations in her com-

or until her six month sickness pay was exhausted.

Hines then filed this diversity action claiming Atochem (1) wrongfully discharged her for not violating OSHA laws, for filing worker's compensations claims, and for refusing to invade employee's right to privacy; (2) breached an implied contract; and (3) the involuntary discharge under the guise of a 'voluntary resignation' was an outrageous and intolerable form of conduct.

The defendant moves for partial summary judgment asking the court to find as a matter of law that: (1) the wrongful discharge claims for not violating OSHA are barred; (2) there was no implied employment contract; and (3) the termination or "voluntary resignation." was not outrageous.

■ Kentucky law recognizes that relations between employers and employees are generally terminable at the will of either party. *Firestone Textile Co. Div. v. Meadows,* 666 S.W.2d 730 (Ky.1984). However when the termination violates a public policy clearly defined by statute the at-will employee may file a wrongful discharge claim. *Grzyb v. Evans,* 700 S.W.2d 399, 400 (Ky 1985). This at-will exception does not apply when the statute creating the public policy exception provides the structure for pursuing a claim. *See Grzyb,* 700 S.W.2d at 401. (finding K.R.S. 344.040 provides the structure to pursue a discrimination claim and thus preempts a discrimination claim filed in state court).

■ Both the federal OSHA statute, 29 U.S.C. § 660(c), and the Kentucky OSHA statute, K.R.S. § 338.121(3)(b), create a public policy exception by prohibiting termination or discrimination against employees who refuse to violate the statutes. Both statutes provide a structure for employees to pursue when alleging violations. The statutes preempt wrongful discharge claims based on OSHA. Under the teachings of *Grzyb* the wrongful discharge

claims pertaining to OSHA will be dismissed.

Next Hines claims that Atochem is liable for breach of an implied contract created by: (1) a statement by the Manager of Industrial Relations that the full time nurse was a good position that she could have until retirement; (2) a provision in the employment policy about termination of salaried employees; and (3) posted rules of conduct. The defendant seeks to dismiss this claim arguing that the defendant did not clearly express an intent to modify the employment-at-will status and the posted rules of conduct applied only to union employees.

The Kentucky courts have not specifically addressed the requirements for creating an implied employment contract. Nor have they specifically recognized that an employment policy or manual can create a binding contract on the employer. They have held that the at-will employment relationship may be modified, without additional consideration, if the employer clearly states an intention to do so. *See Shah v. American Synthetic Rubber Corp.,* 655 S.W.2d 489 (Ky.1983). In *Nork v. Fetter Printing Co.,* 738 S.W.2d 824 (Ky.App.1987) the court found that an employee manual with a disclaimer did not modify an at-will relationship.

■ Based on these opinions and the numerous jurisdictions which have held that employment manuals or policies can give rise to an enforceable contract this court believes that in certain circumstances the Kentucky Supreme Court will treat employment manuals or other statements of policy as contracts binding on the employer.[1]

■ Whether a proposal is meant to be an offer is determined from outward manifestations not subjective intentions. *See Williams v. Maremont Corp.,* 875 F.2d 1476, 4 IER (BNA) 799 (10th Cir.1989). Although Kentucky has recognized that employment-at-will relations may be modi-

---

1. Whether the court will use promissory estoppel or unilateral contract principles is not clear. This court is not required to speculate which principle the Kentucky Supreme Court might apply. The facts apply under either analysis. For an excellent discussion on the two see *Hoffman–La Roche, Inc. v. Campbell,* 512 So.2d 725 2 IER (BNA) 739 (Ala.1987).

fied by an oral contract, *Hammond v. Heritage Communications, Inc.,* 756 S.W.2d 152 (Ky.App.1988), statements about "great futures" do not meet the criteria to form an oral contract. *See Hoffman–La Roche, Inc. v. Campbell,* 512 S.2d 725, 2 IER (BNA) 739 (Ala.1987) (oral statements in employment context); *See also Wehr Constructors, Inc. v. Steel Fabricators, Inc.,* 769 S.W.2d 51 (Ky.App.1988) (oral modification must not be vague or ambiguous).

■ Turning to the facts here and construing them most favorably to the plaintiff the court finds that Hines was an employee-at-will when hired. The manager's statement that it was a good position that she could have until she retired did not in and of itself create an oral contract modifying the employment-at-will relationship. Nor does the policy concerning termination of salaried employees state a clear intention that Hines could not be dismissed without just cause. However the published rules of conduct state, "Our labor agreements have always explicitly recognize the Company's right to discharge, suspend, or otherwise discipline for 'just cause'.... Our rules of conduct apply to **ALL** Pennwalt employees." (emphasis added).

The court finds that the posted rules of conduct could be construed as creating an implied contract between Hines and Atochem. The intent to create a just cause relationship is clear. The policy was posted and Hines read and relied on the language. There is no disclaimer or limiting language. There is some evidence that there was a modification to the employment-at-will status. *See Toussanit v. Blue Cross & Blue Shield,* 408 Mich. 579, 292 N.W.2d 880 (1980) and *Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn. 1983). For this reason the motion to dismiss the claim for breach of an implied contract will be denied.

■ Finally Hines seeks to have the court recognize the tort of outrage in the employment context. Specifically, "the involuntary discharge under the guise of a 'voluntary resignation' ... while Regina was off work due to a work related disability and while she was still under her continuing physician's care and not released to return to work, represents an outrageous and intolerable form of conduct."

Kentucky recognized the tort of outrage in *Craft v. Rice,* 671 S.W.2d 247 (1984) where the court stated the criteria to establish a claim for outrage as:

1. the wrongdoer's conduct must be intentional or reckless;

2. the conduct must be accepted as outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

3. there must be a causal connection between the wrongdoers conduct and the emotional distress; and

4. the emotional distress must be severe.

*Craft v. Rice,* 671 S.W.2d 247, 249 (Ky. 1984).

In *Humana of Kentucky, Inc. v. Seitz,* 796 S.W.2d 1 (Ky.1989) the court refused to allow recovery on the tort stating that the defendants' conduct showed a lack of compassion, taste, and sensitivity, but there were no intentional actions going beyond all bounds of decency.

The parties cite no Kentucky cases applying the tort of outrage in the employment context. Accepting that the Kentucky courts would recognize such a tort this court must find, as a matter of law, that evidence falls within the *Craft* criteria. *See Seitz,* 796 S.W.2d at 3.

Applying the criteria this court accepts, at this juncture, that the defendants' actions were intentional and that there was a causal relationship between the conduct and the emotional distress. However the manner of discharge did not go beyond all bounds of decency and morality. It did not rise to the level required to constitute the tort of outrage.

In conclusion the defendant's motions for summary judgment on the wrongful discharge claim and the tort of outrage will be granted. The defendant's motion for summary judgment on the breach of an implied contract claim will be denied.

An appropriate Order accompanies this Memorandum Opinion.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion,

IT IS ORDERED:

1. The motion for summary judgment filed by the defendant, Elf Atochem North America, Inc., to dismiss the claims for wrongful discharge for the retaliation for failure to violate federal and state OSHA statutes is GRANTED.

2. Atochem's motion for summary judgment to dismiss the claim for outrage is GRANTED.

3. Atochem's motion for summary judgment to dismiss the claim for breach of an implied contract is DENIED.