RENDERED: APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1535-MR

DENTON TREADWAY					APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 18-CI-01137

CHAPMAN RENTALS, LLC AND
VIRGINIA CAROLINE CHAPMAN				APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

ACREE, JUDGE: Denton Treadway, Appellant, appeals the Kenton Circuit
Court's December 14, 2022 order granting summary judgment for Appellees,
Virginia Chapman and her company, Chapman Rentals, LLC. Appellant argues
the circuit court incorrectly determined no evidence of record indicated Appellees
had notice of a hazardous condition in the shower of his apartment, namely, that

the shower doors were made of non-tempered glass. We detect no error and affirm.

## BACKGROUND

Appellees, Virginia Chapman and Chapman Rentals, LLC own and manage an apartment building in Covington, Kentucky. In 2003, Mrs. Chapman, owner of Chapman Rentals, LLC, inherited the four-unit building from her parents, who built it in 1964. Each unit's shower originally featured sliding glass doors made of non-tempered glass; tempered glass was not required when constructing showers until 1980 with the passage of KRS[1] 198B.320.[2] When Mrs. Chapman inherited the building, all four units still were fitted with the original shower doors.

According to depositions of Mrs. Chapman and Dale Unkraut who worked for Appellees as a maintenance man, Appellees renovated apartments 2 and 4 in 2011 or 2012. Mr. Unkraut added new bathroom tile and removed the original shower doors. He replaced the original glass shower doors with shower curtains.

Appellant signed a lease with Appellees for apartment 1 in October of 2016. Apartment 1 still featured the original shower doors. On July 27, 2017,

---

[1] Kentucky Revised Statutes.

[2] KRS 198B.320 states: "It shall be unlawful within the Commonwealth of Kentucky to knowingly sell, fabricate, assemble, glaze, install, consent or cause to be installed glazing materials other than safety glazing materials in, or for use in, any hazardous location." KRS 198B.300(2) defines "hazardous locations" to include glass shower doors.

Appellant was about to take a shower when he fell into the shower door. The door's non-tempered glass broke into large shards. Appellant suffered significant injuries, including a punctured diaphragm, which required a lengthy hospital stay.

Appellant filed suit, alleging (1) negligence; (2) negligence *per se* based on violations of the Uniform Residential Landlord and Tenant Act, KRS 383.500 *et seq*. (URLTA); and (3) violation of URLTA and Covington's ordinance requiring tempered glass – itself an adoption of URLTA. Appellees filed their original motion for summary judgment, which the circuit court granted in part and denied in part on June 17, 2022. While the circuit court dispensed with Appellant's negligence *per se* claim under URLTA, it denied the motion as to Appellant's other claims.

The parties conducted additional discovery. This included a sworn declaration by Mark Tudor, who lived in apartment 4 of Appellees' building. Therein, Tudor stated he knew a woman named Audra Dryer who lived in apartment 3; Tudor stated Dryer told him and a woman named Susan Linton that a previous resident of apartment 4 fell into the glass shower door, breaking it. Linton also signed a sworn affidavit reflecting her recollection of this conversation with Dryer.

Appellant himself submitted a sworn declaration. Appellant recalls Linton and Tudor telling him that Dryer knew about the previous tenant who fell

into the shower door and that Dryer believed this is why apartment 4 had a shower curtain instead of a glass door. Appellant also stated Dryer told him directly about the previous tenant falling into the shower door.

Dryer herself was deposed. Dryer recalled, with apparent difficulty, that previous tenants told her about a man who used to live in apartment 4. These tenants told Dryer that the man had fallen into and broken his glass shower door. Dryer described this information as "drunken gossip." Dryer also recalled her interaction with Linton and Tudor; she alleged the pair were "trying to get information out of" her in preparation for Appellant's lawsuit. But she did testify that she told Linton and Tudor she heard gossip about a previous tenant who had come home drunk and fallen into his shower door.

Dryer did not remember the name of that former tenant, but described him vaguely: the man was tall, thin, and had a noisy white dog. Apparently, no party has been able to locate this man to obtain his version of events.

Appellees filed a second motion for summary judgment. The circuit court granted to motion as to both of Appellant's remaining claims. As to Appellant's negligence claim, the circuit court concluded that, though two apartments had their glass shower doors removed, no admissible evidence of record indicated Appellees knew the shower doors in Appellant's apartment were constructed of non-tempered glass. Accordingly, the circuit court determined no

evidence of record demonstrated Appellees had a duty to warn Appellant of the hazardous nature of his shower doors.

This appeal follows. Appellant solely challenges the circuit court's conclusions as to his negligence claim.

## ANALYSIS

Our appellate courts review summary judgments for "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); CR[3] 56.03. Indeed, this is the circuit court's only duty on a summary judgment motion: "to determine whether there are genuine issues to be tried and not to resolve them." *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 276 (Ky. 1991) (citing *Mitchell v. Jones*, 283 S.W.2d 716 (Ky. 1955)). In deciding summary judgment motions, trial courts must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). Summary judgment is appropriate when "it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Id*. However, "impossible" in the context of

_____
[3] Kentucky Rules of Civil Procedure.

a summary judgment motion "is used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992).

Landlords' duty of care toward their tenants, and thus a tenant's ability to succeed upon a negligence claim, is limited. "It has been a longstanding rule in Kentucky that a tenant takes the premises as he finds them." *Milby v. Mears*, 580 S.W.2d 724, 728 (Ky. App. 1979). Therefore, a landlord is not required to exercise ordinary care to ensure the premises are reasonably safe for her tenants. *Id.* (citing *Dice's Adm'r v. Zweigart's Adm'r*, 171 S.W. 195 (Ky. 1914)). This does not mean landlords owe no duty of care to their tenants, however. As relevant to the present appeal, "[i]t is an established principle that a landlord has a duty to disclose a known defective condition which is unknown to the tenant and not discoverable through reasonable inspection." *Id.* (citations omitted).

Central to our review, therefore, is whether a genuine question exists as to Appellees' knowledge of the dangerous condition in Appellant's shower. The circuit court determined that the incident in which the previous tenant fell into his shower and broke it was unsupported by admissible evidence. Though the circuit court does not state so explicitly, it is obvious the circuit court determined Appellant, Tudor, Linton, and Dryer's statements about the previous tenant were hearsay.

As Appellees note in their brief, "[e]vidence presented in opposition to a motion for summary judgment must be affirmative and it must be admissible." *Walker v. Commonwealth*, 503 S.W.3d 165, 177 (Ky. App. 2016) (citations omitted); *see also James v. Wilson*, 95 S.W.3d 875, 898 (Ky. App. 2002) (holding appellants' sole evidence to support claims of civil conspiracy and negligent encouragement constituted inadmissible hearsay and therefore inadmissible to overcome a motion for summary judgment). The Kentucky Rules of Evidence state plainly: "Hearsay is not admissible except as provided by these rules or by rules of the Supreme Court of Kentucky." KRE[4] 802. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." KRE 801(c). While our Rules of Evidence provide ample exceptions to the general prohibition against hearsay, none apply to the instant case.

The out-of-court statements Appellant, Tudor, Linton, and Dryer describe may not be used to prove a previous tenant fell into his shower door and broke it.

We can dispense with a remotely plausible argument that a hearsay exception applies on the theory the statements were not offered to prove the tenant fell into his shower, but to prove Appellees heard that such a thing happened and,

---

[4] Kentucky Rules of Evidence.

therefore, they were on notice and did not correct the problem or warn tenants.  We do not agree.

The purpose of the proffered out-of-court statements plainly was to demonstrate their truth – that the former tenant fell into his shower door and broke it.  Without that fact established, a jury could only find Appellees were on notice by building inference upon inference which we do not permit because it "raises the specter of speculation[.]" *Southworth v. Commonwealth*, 435 S.W.3d 32, 45 (Ky. 2014) (internal quotation marks and citation omitted).

In the absence of these out-of-court statements, no evidence of record creates a genuine issue regarding the material fact of Appellees' notice.  Though the shower doors of two other units were replaced with shower curtains, no evidence demonstrates Appellees did so as a plan to replace non-tempered glass shower doors.  As the circuit court notes, even if the previous tenant fell into his shower door, there is no evidence he was injured or that the shower door glass was broken or that it was not tempered glass.  Accordingly, no genuine issue of material fact exists on this point, and the circuit court therefore did not err in concluding Appellees were entitled to judgment as a matter of law.

## **CONCLUSION**

We affirm the Kenton Circuit Court's December 14, 2022 summary judgment order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Ronald R. Parry
Cincinnati, Ohio

Philip Taliaferro, III
Erlanger, Kentucky

Phillip E. King, Jr.
Latonia, Kentucky

BRIEF FOR APPELLEES:

David A. Shearer, Jr.
Jessica C. Harlow
Ft. Mitchell, Kentucky